In the Matter of the Application of DAVID HIRSHFIELD,
  Commissioner of Accounts of the City of New York,
  Appellant, for a Warrant of Arrest and Commitment
  of STEPHEN J. HANLEY, Respondent.

New York (city of) — examination of accounts of departments
and officers of city — commissioner of accounts may compel
the attendance of witnesses who are not employees or officers
of the city.

The authority of the commissioner of accounts of the city of New
York to compel the attendance of, to administer oaths to and to
examine such persons as he may deem necessary, as witnesses, for the
purpose of ascertaining facts in connection with the examination of
the accounts and methods of the departments and officers of the city
and of the counties constituting the city (L. 1901, ch. 466, amd. L.
1916, ch. 517, § 119) is not confined to officers and employees of the
city.

*Matter of Hirshfield* v. *Hanley*, 189 App. Div. 887, reversed.

(Argued February 24, 1920; decided April 13, 1920.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the first judicial depart-
ment, entered October 17, 1919, which affirmed an order
of Special Term denying a motion for a warrant of arrest
and commitment of Stephen J. Hanley.

The facts, so far as material, are stated in the opinion.

*William P. Burr, Corporation Counsel (John F. O'Brien,
William A. Walling* and *John Lehman* of counsel), for
appellant. The courts below have erred in respect to
the meaning and intent of section 119, Greater New York
charter. The provisions of that section empower the
commissioner of accounts to examine persons other than
municipal officers or employees. (*Matter of Hertle,* 120
App. Div. 717; 190 N. Y. 531; *Matter of Hirshfield,* 227
N. Y. 297; *Matter of Wallstein,* 178 App. Div. 140;
*Matter of Foster,* 68 Misc. Rep. 120; 139 App. Div. 769;
*Matter of Phillips,* 143 App. Div. 522.)

*Leonard M. Wallstein* and *Ralph M. Frink* for City Government Committee of the Citizens Union of New York City. The jurisdiction of the commissioner of accounts, as defined by section 119 of the Greater New York charter, is not so limited as to persons as to exclude his right to examine any who are not city officials or employees in relation to a subject-matter concerning which his jurisdiction is indisputable. (*Matter of Hertle,* 120 App. Div. 717; 190 N. Y. 531; *Matter of Wallstein* v. *Hellenstein,* N. Y. L. J. Nov. 24, 1914; *Matter of Wallstein* v. *Beck,* N. Y. L. J. Nov. 25, 1914; *People* v. *Tillman,* 139 App. Div. 572; 201 N. Y. 598; *Matter of McAdam,* 5 N. Y. Supp. 387; 54 Hun, 637.)

*Jeremiah T. Mahoney* and *J. Archer Hodge* for respondent. The commissioner of accounts of the city of New York has no authority under section 119 of the Greater New York charter, nor by any other provision of law, to summon before him any private individual not in the employ of or connected in any way, contractual or otherwise, with the city, for the purpose of giving testimony concerning any one of the city departments under investigation. (*Matter of Foster,* 68 Misc. Rep. 120; 139 App. Div. 769; *Matter of Davies,* 168 N. Y. 89; *Counselman* v. *Hitchcock,* 142 U. S. 547.)

COLLIN, J. At the time involved in this proceeding David Hirshfield was the commissioner of accounts in the city of New York. The section of the charter of the city · (L. 1901, ch. 466, amd. L. 1916, ch. 517), which authorized his appointment defined his duties and powers as follows: " It shall be the duty of the commissioner of accounts, once in three months, to make an examination of the receipts and disbursements in the offices of the comptroller and chamberlain, in connection with those of all the departments and officers making returns thereto, and report to the mayor a

detailed and classified statement of the financial condition of the city as shown by such examinations. He shall also make such special examinations of the accounts and methods of the departments and officers of the city and of the counties of New York, Richmond, Queens, Kings and Bronx, as the mayor may from time to time direct, and such other examinations as the said commissioner may deem for the best interests of the city, and report to the mayor and the board of aldermen the results thereof. For the purpose of ascertaining facts in connection with these examinations he shall have full power to compel the attendance of witnesses, to administer oaths and to examine such persons as he may deem necessary." (Section 119.) In the process of examining the accounts of the department of taxes and assessments the commissioner caused to be subpœnaed as a witness the respondent, Hanley, who failed to obey the subpœna, and refused to be sworn or testify as a witness when brought before the commissioner under a warrant of attachment. The commissioner thereupon applied to the Special Term for an order requiring Hanley to show cause why he should not be committed to jail for his refusal. The application was denied upon the ground, established by Hanley, that he, Hanley, was not an employee or officer of the city.

The ground is unreal. The language of the section is clear, direct and absolute. It invests the commissioner with full power to compel the attendance of, to administer oaths to and to examine such persons as he may deem necessary, as witnesses, for the purpose of ascertaining facts in connection with the examination. It is insusceptible of interpretation because in it there is no ambiguity. Neither the language itself nor the history of the origin and development of the enactment nor the conditions nor evil which the enactment was intended to assist in remedying, create uncertainty in its meaning. Viewed from the standpoint of the literal sense of its

language it does not work an unjust or unreasonable result — a result which causes an obscurity of meaning calling for judicial interpretation. It is true that it gives the commissioner of accounts powers which may readily be used to transcend its expressed and legitimate purpose. Those who are made witnesses in virtue of those powers are entitled to all the privileges and protection extended by the law to witnesses in judicial proceedings and the courts should and will be quick and firm in halting the exercise of those powers for irrelevant, illegitimate or oppressive examinations or purposes. (*Matter of Barnes*, 204 N. Y. 108.)

The orders should be reversed and the motion granted, with costs in all courts.

HISCOCK, Ch. J., HOGAN, POUND, MCLAUGHLIN, ANDREWS and ELKUS, JJ., concur.

Orders reversed, etc.