FLOYD L. CARLISLE, Plaintiff, *v.* JOHN J. BENNETT, JR., Individually and as Attorney-General of the State of New York, Defendant.*

Supreme Court, Albany County, October 8, 1934.

*LeBoeuf, Winston, Machold & Lamb* [*Randall J. LeBoeuf* of counsel], for the plaintiff.

*John J. Bennett, Jr., Attorney-General* [*Ambrose V. McCall* and *Margery Cederstrom* of counsel], for the defendant.

SCHENCK, J. This is a motion for a temporary injunction restraining the defendant Attorney-General from requiring the production by plaintiff, pending the determination of the action herein, of information as to his business and personal affairs and

---

* Affd., 243 App. Div. ——.

transactions as called for in certain subpœnas, on the ground that such information is beyond the authority of the defendant Attorney-General to require.

The Attorney-General is prosecuting an investigation of acts of the plaintiff under the Martin Act (General Business Law, art. 23-A). It is conceded that by virtue of that statute the Attorney-General is given power to investigate the acts of an individual or corporation in the issue, negotiation and sale of securities and in connection therewith may issue subpœnas and examine witnesses and require information relevant to the subject-matter of such investigation.

The Attorney-General caused to be served upon plaintiff four subpœnas requiring plaintiff's appearance at his New York office to testify regarding practices of Niagara Share Corporation of Maryland, and the plaintiff and others in the issue, negotiation and sale of securities, and to produce at the time and place designated the following: " A transcript of all loan accounts of Floyd L. Carlisle from 1925 to date, whether in his own name or in the name of another, giving name in which held, names of all corporations, companies, or individuals, with addresses, from whom he borrowed or to whom he loaned, directly or indirectly, money, securities, or other things of value, with itemized list of collateral pledged, if any.

" A complete list of all bank and brokerage accounts of Floyd L. Carlisle from January 1, 1925, to date, with dates of accounts, whether in his own name or in another's, and if in another name, the name and address of the company or individual holding it.

" A complete list from January, 1925, to date of all of the corporations or companies of which Floyd L. Carlisle has been an officer, director, or stockholder or with which he has been connected in any way, directly or indirectly, or from which he has received any remuneration, with dates and details of transactions.

" Transcript from January, 1925, to date of all purchases, sales, deals, options and/or contracts concerning securities of Niagara Share Corporation of Maryland and/or Niagara Share Corporation (of Delaware) and/or Buffalo, Niagara & Eastern Power Corp., and/or of Niagara Hudson Power Corp., entered into by Floyd L. Carlisle for his account or for the account of any partnership, corporation, company, trust or association with which he has been connected as officer, director, partner, trustee or otherwise."

Upon receipt of said subpœnas plaintiff commenced an action against the Attorney-General to enjoin and restrain an examination of the plaintiff or his books and papers upon the subject specified and contemplated in said subpœnas, and enjoining the defendant from requiring the production by plaintiff of the information and data therein set forth.

Section 352 of the General Business Law gives to the Attorney-General very broad powers. It provides that if he believes it to be in the public interest that an investigation may be made under the act, he may in his discretion require such data and information as he may deem relevant and may make such special and independent investigation as he may deem necessary in connection with the matter. This statute also makes it the duty of all persons to render and furnish upon request all information and assistance in their possession or within their power.

It is the contention of the plaintiff that while the Attorney-General may require the production by him of any information he may have relating to the issue, negotiation or sale of securities of the corporation specified, he may not require the production of information as to his business and private affairs having no relationship to any practices or transactions of plaintiff in connection with dealings in securities.

On the face of the subpœnas it would appear that the Attorney-General requires the production of papers and documents which can have no possible relationship to the issues involved in this investigation.

Plaintiff's business activities apparently have been varied and numerous and have not been restricted to dealings in securities. It would appear that these subpœnas comprehend in substance the production of records relating to all of plaintiff's business and as well his personal transactions for the past ten years. While it is presumed that the Attorney-General will act in good faith in such an investigation, that in no way affects the right of this plaintiff to seek the protection of the courts. There must be some limit to the scope of an investigation, as the statute does not commission the Attorney-General to embark upon any roving course for the purpose of generally prying into the affairs of any person. The statute does give him power to inquire into facts and circumstances concerning the subject-matter which he believes it is to the public interest to investigate, and to examine witnesses, and to require the production of books and papers which he deems relevant and material to such inquiry to the end that he may determine whether a situation exists which calls for action under the provisions of the statute, it being assumed that he will proceed in good faith and with knowledge and regard for the principles which govern the relevancy of evidence. (*Matter of Hirschfield* v. *Hanley*, 228 N. Y. 346.)

The Attorney-General should not be hampered by advance restrictions upon his subpœna power by virtue of technical argument as to relevancy and materiality. (*Matter of Edge Ho Holding Corp.*,

256 N. Y. 374.) Where it has been made to appear that the information sought was limited to a proper subject of inquiry under the statute and had some relevancy, the courts have denied motions to vacate subpœnas or to restrain the Attorney-General from making a complete and thorough examination. (*Dunham* v. *Ottinger*, 243 N. Y. 423; *People* v. *Holmes*, 227 App. Div. 734; *Britton* v. *Ottinger*, N. Y. L. J. Oct. 4, 1927; *Matter of McNamara*, 128 Misc. 84.) Nevertheless, the information required by the subpœna must have some relevancy to the subject-matter of the investigation.

This court should not and will not endeavor to curtail any investigation by the Attorney-General under the provisions of the Martin Act, nor attempt to restrict or limit the information requested in a subpœna *duces tecum* which has any reasonable relationship to the subject of the inquiry. The subpœnas in this investigation, however, call for information that seemingly can have no possible bearing on this inquiry, and while it may be that plaintiff is immune from punishment for refusal to answer unreasonable questions or to comply with unreasonable requests, "the courts will always be open for any appeal by one who is being persecuted." (*Dunham* v. *Ottinger, supra.*)

In *Matter of Hirschfield* v. *Hanley* (*supra*) the Court of Appeals, while upholding the power of the commissioner of accounts of the city of New York to compel the attendance of witnesses, other than city employees, stated (p. 349): "Those who are made witnesses in virtue of those powers are entitled to all the privileges and protection extended by the law to witnesses in judicial proceedings, and the courts should and will be quick and firm in halting the exercise of those powers for irrelevant, illegitimate or oppressive examinations or purposes."

Upon the return of this motion, I endeavored to prevail upon the plaintiff's attorneys and the Assistant Attorney-General to agree to confine the information and documents sought to such as may have relevancy to the subject of the inquiry, either by stipulation or by the service of new and proper subpœnas. In this I have apparently been unsuccessful.

The motion of the plaintiff will be granted unless the defendant shall, on or before the 15th day of October, 1934, cause to be served upon the plaintiff proper subpœnas limited to the production of such books, papers, documents and information as relate to the subject-matter of this inquiry, or shall by written stipulation with plaintiff's attorneys agree to such limitation.