Per Curiam.

The Legislature has declared (L. 1945, ch. 551, § 1) that the matter of public passenger transportation in the Niagara Frontier territory is a matter of State concern; that the public welfare is seriously affected by the inadequacy of the transportation service furnished by the International Railway Company in the Niagara Frontier; that that company has failed to meet the needs of that territory; that as presently organized and constituted that company cannot adequately cope with the problem of public transportation in the Niagara Frontier; that the assistance of the State Government and the' taking of appropriate action .by the Legislature are essential in order to solve the problems of public transportation service in that area. That act (§ 2) created a temporary State Commission and directed it to study, inquire into and investigate and to formulate plans and .proposed legislation relative to nine specific matters set forth in the statute (§ 3). The commission so created was empowered to issue subpoenas and was given all the powers of a legislative committee (§5). In the discharge of its duties, the commission issued and served subpoenas duces tecum on the treasurer, the' auditor and the supervisor of accident investigation of the International Railway Com *285 pany directing them to appear and to give testimony and to produce on a certain day all books, records, vouchers, receipts, releases, and all other documents showing the payments oí money by the company in settlement of claims or causes of action for personal injuries and property damages during the years 1943-1945 inclusive, and all other evidence and writings concerning the premises. Before the return day of the subpoenas, the International Railway Company procured an order directing the commission to show cause why the subpoenas should not be quashed. On the returned -day the commission appeared and filed the affidavit of its counsel detailing the facts which it claimed justified the issuing of the subpoenas. The court made an order quashing the subpoenas on the ground that a proper case was not made justifying the issuance of the subpoenas and that the writings sought to be produced are neither relevant nor material to the matters which the commission is authorized to investigate or competent evidence of the matters into which the commission has any inquisitorial powers. The affidavit filed by the commission alleged that the International Railway Company during the years 1943-1945 inclusive had paid out $2,007,138.71 for personal injuries and property damages. We cannot say as a matter of law that the written and verbal testimony sought by the commission as indicated in the subpoenas have no reasonable relation to the legislative purpose expressed in the act creating the commission. We think that the commission showed a proper case for the exercise of its subpoenas and inquisitorial powers as conferred by the act (§5). We also think that the information sought is relevant and competent in respect to the matters which the commission is directed to study and investigate to enable the Legislature to legislate intelligently in the premises except that the statute does not authorize that the commission have the confidential papers of the company in respect to the closed claims and actions for the years specified or to learn the names of the secret investigators of the company or to have the records, papers or reports of any pending claims or actions. The commission asserts in its affidavit, its brief and on the oral argument it has no intention of asking for any confidential reports respecting closed claims or actions or of inquiring into pending claims or actions or of learning the identity of any secret investigators employed by the company. With this assurance we deem it unnecessary to modify or limit the scope of the subpoenas. If the commission should seek to inquire into any irrelevant or incompetent matters, upon proper application to the court and upon a proper *286 showing the court will be quick in halting such an attempted inquiry. (Matter of Hirshfield v. Hanley, 228 N. Y. 346, 348.) Except in an unusually clear case, a commissioner should not be checked at the threshold of its investigation by the quashing of its subpoenas thus rendering its investigation to a large extent abortive. (Matter of Edge Ho Holding Corp., 256 N. Y. 374, 381.) We do not regard this as such a clear case.
The order should be reversed and the application to quash the subpoenas should be denied, without costs.
All concur, except Habéis, J., not voting. Present — Taylob, P. J., Dowling, Habéis, McCuen and Labkin, JJ.
Order reversed on the law, without costs of this appeal to any party and motion denied, without costs.