In the Matter of GIOVANNI GIRARDON, Petitioner. ALBERT DE LISSER, State Bank Examiner, Respondent.

Supreme Court, Special Term, New York County, November 21, 1947.

*Simon Bernarr Schwartz* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Samuel A. Hirshowitz* of counsel), for respondent.

CHURCH, J. The Superintendent of Banks of the State of New York, having reason to suppose that certain individuals, among them the above-named applicant, were conducting a business in violation of the provisions of the Banking Law of the State of New York, particularly section 180 thereof, initi-

ated an investigation pursuant to that portion of section 36 of the Banking Law of the State of New York, providing as follows: " 5. The Superintendent shall have the power to make such special investigations as he shall deem necessary to determine whether any individual, partnership, unincorporated association or corporation has violated any of the provisions of this chapter; and to the extent necessary for this purpose the superintendent shall have the power to examine all relevant books, records, accounts and documents."

In connection with such investigation a subpœna was issued by the Superintendent of Banks as authorized by the above portion of section 36 hereinbefore referred to and section 38 of the Banking Law, added by section 35 of chapter 684 of the Laws of 1938, effective June 30, 1938: " The superintendent shall have power at all times, either personally or by his deputies, including special deputy superintendents, or examiners, to subpœna witnesses, to compel their attendance, to administer an oath, to examine any person under oath and to require the production of any relevant books or papers. Such examination may be conducted on any subject relating to the duties imposed upon, or the powers vested in, the superintendent under the provisions of this chapter. * * * "

The following immunity provision of the statute also appears in section 38 thereof: " If a person shall ask to be excused from testifying or producing any book or paper or other document before the superintendent or before any person duly designated by him to conduct any such investigation upon the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to incriminate him or degrade him or to subject him to a penalty or forfeiture and shall notwithstanding be directed to testify or to produce such book, paper or document, he must comply with such direction but in such event he shall not thereafter be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which he may testify or produce evidence, documentary or otherwise, pursuant to such directions and no testimony so given or produced shall be received against him upon any criminal action, suit or proceeding, investigation, inquisition or inquiry except that no person so testifying shall be exempt from prosecution or punishment for committing perjury or making any false statement in giving such testimony."

The applicant herein seeks an order vacating such subpœna upon the ground that the same is void. He contends that the

statute does not authorize the Superintendent of Banks to examine any person who is not licensed by him.

The authority of the Superintendent to subpœna persons who are not licensed or are not under the supervision of the Superintendent of Banks was upheld in *Hunts Point Finance Corp.* v. *Broderick* (N. Y. L. J., June 16, 1931, p. 1489, col. 3) where Justice WALSH in denying a motion addressed to such a subpœna as here, held: " Motion denied. The authority exercised by the defendant is expressly conferred by the provisions of section 39 [now § 36] of the Banking Law, as amended by section 9, chapter 678, of the Laws of 1930."

In the cited case the claim was made, not only that the subpœna was without the authority of the Superintendent of Banks, but also that the statute, if so construed as to permit the examination under subpœna of nonlicensed persons, was unconstitutional.

It is to be noted that chapter 678 of the Laws of 1930 was enacted to strengthen the powers of the Banking Department in the supervision and control of the doing of a banking business following a lamentable undisclosed pre-existing weakness in the law manifested in connection with the failure of Clarke Brothers, former private bankers in this city. The primary purpose of this amendment was to meet the cases of hundreds of persons and firms doing business in this State as unlicensed bankers or persons conducting a banking business illegally. The enactment of the legislation followed the language of the then Governor Roosevelt to the Legislature (N. Y. Legis. Doc., 1930, No. 3).

The legislation of 1930 followed closely the provisions of article 23-a of the General Business Law, sometimes known as the Martin Act, which confers similar powers of investigation and a similar immunity provision in relation to investigations by the Attorney-General relative to fraudulent practices in respect to stocks, bonds, other securities and commodities. This legislation was, in all respects, held constitutional in *Dunham* v. *Ottinger* (243 N. Y. 423). The Court of Appeals stated, page 434: " The power to investigate and examine witnesses to the end of a better discharge of their duties has been conferred upon administrative boards and officials without successful challenge by so many statutes that it is undesirable to refer to them all. Perhaps there may be properly selected as more or less analogous to the present one the statute conferring upon the Superintendent of Banks the power to investigate the affairs of banks to the end of a proper supervision of their

affairs; upon the Commissioner of Agriculture the power to investigate and examine witnesses in order to better discharge the duties conferred upon him; upon the Commissioner of Accounts of the city of New York to subpœna and examine witnesses and require the production of material books as he may deem for the best interests of the city. These and other similar statutes have been upheld as constitutional and valid."

The plaintiffs in the *Dunham* case (*supra*) sought to obtain a review by the United States Supreme Court of the foregoing determination of the Court of Appeals. The United States Supreme Court dismissed the appeal (*Dunham* v. *Ottinger*, 276 U. S. 592) and rendered the following opinion: "Dismissed for want of a substantial federal question on the authority of *Shulthis* v. *McDougal*, 225 U. S. 561, 569; *Hull* v. *Burr*, 234 U. S. 712, 720; *Norton* v. *Whiteside*, 239 U. S. 144, 147." The exact question involved in this case was thereafter raised in *Chase Discount Corp.* v. *White* (Sup. Ct., New York Co., May 3, 1939) where Mr. Justice Shientag denied an application to restrain the enforcement of a subpœna. In that case, as here, it was contended that the person served with a subpœna was a nonlicensee and " therefore not subject to being examined by the Superintendent of Banks." The motion was denied by Mr. Justice Shientag.

Thereafter the question arose in *Pacific Finance Corp.* v. *White* (N. Y. L. J., Aug. 25, 1939, p. 457, col. 3.) In that case Mr. Justice Bernstein, upholding the authority of the Superintendent of Banks to examine nonlicensed persons under subpœna, held:

" The power of subpœna under the Banking Law is a broad power, and it may not be limited or curtailed by the fact that civil or criminal proceedings have been commenced. Under that power the superintendent of banks may investigate to such extent as he may deem necessary to determine whether any provisions of the law have been violated; and he may subpœna witnesses *at all times* (Banking Law, sec. 36, subdiv. 5, and sec. 38; *Chase Discount Corp.* v. *White,* Supreme Court, New York County, N. Y. L. J., May 4, 1939, and May 18, 1939, Shientag, J.). That power does not violate any of the constitutional guarantees with which the plaintiffs claim they are clothed (*Dunham* v. *Ottinger*, 243 N. Y. 423).

" Incidentally, the superintendent has not here subpœnaed any defendant in a pending civil or criminal proceeding, but has subpœnaed other individuals. To hold that he may not conduct an inquiry to determine whether anybody has violated

a provision of the law would not only do violence to the plain meaning of the statute but nullify the purpose of the Banking Law (*Hirshfield* v. *Craig,* 234 N. Y. 98, 110). A public officer should not be thus stymied in the performance of his duty by a strained or unnatural construction of the statute.''

This determination of Mr. Justice BERNSTEIN was affirmed in 258 Appellate Division 788, motion for leave to appeal denied 282 New York 811. (See, also, *Matter of Hirshfield* v. *Cook,* 227 N. Y. 297; *Matter of Hirshfield* v. *Hanley,* 228 N. Y. 346; *People ex rel. Bender* v. *Milliken,* 185 N. Y. 35.)

The argument that until a license is issued the Superintendent has no authority to make a special investigation to determine whether a license to do a banking business is required is neither novel nor sound.

The legislation involved having in all respects been held constitutional by the courts of this State, and it having been held in several authoritative cases that the legislation confers the power of investigation and subpœna upon any person in the course of any investigation by the Superintendent of Banks, the motion to vacate is in all respects denied.

In the moving papers the applicant cites *Matter of Union Bank* (147 App. Div. 593, revd. on dissenting opinion 204 N. Y. 313). The effect of the *Union Bank* case (*supra*) in its entirety was removed by the amendments in the Banking Law which shortly followed its decision (L. 1912, ch. 104). The amendment referred to was subsequently transposed into subdivision 8 of section 36 of the Banking Law. The only question involved in that case was whether a Superintendent of Banks could continue with an investigation after taking possession of a bank.

The motion is denied.