In the Matter of the Arbitration between MINERALS AND CHEMICALS PHILIPP CORP., Respondent, and PANAMERICAN COMMODITIES, S. A., Respondent. WORLD COMMERCE CORPORATION, S. A., Appellant.

First Department, February 27, 1962.

*A. Vernon Carnahan* of counsel (*James M. Ellis* with him on the brief; *Donovan Leisure Newton & Irvine,* attorneys), for appellant.

*James H. Halpin* of counsel (*Anthony S. Genovese* with him on the brief; *Kissam & Halpin,* attorneys), for Minerals and Chemicals Philipp Corp., respondent.

*Per Curiam.* This appeal concerns the conditions under which an arbitration tribunal may, under sections 406 and 1456

of the Civil Practice Act, issue and enforce a subpœna duces tecum directed to one who is not a party to the arbitration.

Respondent Minerals and Chemicals Philipp Corp. began the arbitration under an allegedly exclusive agency agreement with Panamerican Commodities, S. A. for the sale of Peruvian iron ore. Minerals Corp. claims that Panamerican breached the agreement by terminating the agency and substituting appellant World Commerce Corporation, S. A., as its exclusive agent. At the first hearing, Minerals Corp. sought and obtained, from the arbitrators, issuance of a subpœna duces tecum addressed to World Commerce, requiring it to produce all books and records relating to its sales, during a specified period, of iron ore obtained from Panamerican. The arbitrators, before issuing the subpœna, heard statements by both parties concerning the relevancy and materiality of the books and records. World Commerce was not a party to the hearing and did not attend.

Thereafter, upon receiving the subpœna, World Commerce moved at Special Term to quash the subpœna on the grounds that the books and records sought were not relevant or material to the arbitration and, in any event, contained confidential information relating to customers and the details of their purchases which was entitled to protection as a trade secret.

Special Term denied the motion, stating that whether the information is confidential is a matter for determination by the arbitrators, who will make their decision after examining the records.

The order of Special Term should be modified to insure proper protection against unwarranted disclosure of confidential data, and otherwise affirmed.

Although World Commerce is alleged to be closely related to Panamerican, no claim is made that the relationship is so close as to make World Commerce, in effect, a party to the arbitration. Not having consented to be bound by the procedures of this private forum, nor having taken part in its hearings, World Commerce is entitled, in the first instance, to a judicial determination of the propriety of the subpœna.

It is not disputed that the arbitrators have the power to summon witnesses, and, in a '' proper case '', to require production of books and records (Civ. Prac. Act, §§ 406, 1456). What is a '' proper case '' is dependent upon the relevancy and materiality of the documents sought and also upon the purpose and necessity for the production (*Matter of Hirshfield* v. *Craig*, 239 N. Y. 98, 118; *Matter of Sun-Ray Cloak Co.*, 256 App. Div. 620, 624–625).

Minerals Corp., at the hearing before the arbitrators and in its papers in opposition to the motion, sufficiently developed the relevancy of the class of documents sought and the near impossibility of obtaining the information by other means. In so doing, it was not essential that it establish the merits of its claim by proof presented to the arbitrators. It was sufficient that the opposition papers show, and World Commerce does not substantially dispute the fact, that the documents will reflect any alleged sales made without the intervention of Minerals Corp. as exclusive agent and will establish the extent of such sales. Their relevancy to both the alleged breach and any damages is therefore clear.

But whether particular documents called for may be of a confidential and privileged nature has not been determined, and on this question appellant is entitled to a judicial determination without advance disclosure to the arbitrators. Confidential customer lists and sales data may, under some circumstances, constitute trade secrets and be subject to limited protection against disclosure (*Haffenberg* v. *Wendling,* 271 App. Div. 1057; 8 Wigmore, Evidence [McNaughton rev. 1961], § 2212). Where disclosure is essential to ascertaining the truth the privilege must give way (*Drake* v. *Herrman,* 261 N. Y. 414, 418). But, even then, appropriate procedures should be adopted to insure that unessential information is not unnecessarily disclosed, to the possible advantage of competitors.

In an ordinary judicial proceeding, disclosure *in camera* to the Trial Judge may be appropriate (cf. *Kaumagraph Co.* v. *Stampagraph Co.,* 197 App. Div. 66, 73, affd. 235 N. Y. 1). However, in this proceeding, where privately-selected arbitrators are serving as the tribunal, appellant is entitled, if it so chooses, to the additional protection of a Referee appointed by the court, just as it would during pretrial discovery and inspection in an ordinary action (*Haffenberg* v. *Wendling,* 271 App. Div. 1057, *supra; N. D. Q. Specialty Corp.* v. *Cypress Novelty Corp.,* 250 App. Div. 881; Rules Civ. Prac., rule 142). The Referee, working in co-operation either with the parties or with the arbitrators can insure that only essential data is disclosed, and then, if necessary, by means of verified extracts from appellant's records.

Accordingly, the order appealed from should be modified, on the law and in the exercise of discretion, to the extent of remanding the proceeding to Special Term to consider an application by appellant, if it is so advised, for the designation of a Referee to supervise the production and inspection of documents described in the subpœna to the end that confidential

data be not unnecessarily disclosed, and the order should otherwise be affirmed, with costs to appellant.

Botein, P. J., Breitel, Valente, McNally and Eager, JJ., concur.

Order entered on October 30, 1961 unanimously modified, on the law and in the exercise of discretion, to the extent of remanding the proceeding to Special Term to consider an application by appellant, if it is so advised, for the designation of a Referee to supervise the production and inspection of documents described in the subpœna to the end that confidential data be not unnecessarily disclosed, and, as so modified, the order is affirmed, with $20 costs and disbursements to the appellant.