Frank A. Gulotta, J.
This motion to quash a subpoena issued by the Commissioner of Accounts of the County of Nassau raises the question of whether he may require the production of the complete records of a corporation which has done no business with the Town of North Hempstead (the town he is investigating) but which is owned and controlled by people who have.
I think that the answer to this question is that he may within limits, i.e., he may not pry into private affairs simply on a vague chance that he may turn up something germane to the ‘‘ accounts, methods and activities * * * of the towns ” but that he may pursue an investigation of town matters to a logical conclusion.
This case would seem to fit into the latter category where a close business association has been tentatively shown between the Town Superintendent of Highways and an engineer who received a large sum of money from the town in engineering fees. This question was treated with in Matter of Edge Ho Holding Corp. (256 N. Y. 374, 380) as follows: “ The argument is made that the witnesses are not employees of the city nor even claimants for an award, but merely former owners, and that they are exempt from a duty to make disclosure of their own affairs. We have held that the Commissioner’s power to inquire is not limited to witnesses in .the service of the city, and that there is no privilege of silence when reticence, if tolerated, would thwart the public good (Matter of Hirshfield v. Hanley, 228 N. Y. 346).” It is true that the powers of subpoena accorded to the Commissioner of Accounts in New York City, dealt with in that case (p. 377), specify that he may “ examine such persons as he may deem necessary” whereas section 2213 of the Nassau *917 County Government Law (L. 1936, ch. 879, as amd.) merely says that he may ‘1 compel the attendance of witnesses and the production of books and papers ”, but it seems to me that the sense is .the same, else how is a decision to issue a subpoena to b& arrived at in the first instance?
The remedy for an abuse of these powers is set forth in Matter of Hirschfield v. Hanley (228 N. Y. 346, 349): “ It is true that it gives the commissioner of accounts powers which may readily be used to transcend its expressed and legitimate purpose. Those who are made witnesses in virtue of those powers are entitled to all the privileges and protection extended by the law to witnesses in judicial proceedings and the courts should and will be quick and firm in halting the exercise of those powers for irrelevant, illegitimate or oppressive examinations or purposes. (Matter of Barnes, 204 N. Y. 108.) ” Motion denied.