OPINION OF THE COURT
Frank J. Blangiardo, J.
Application by petitioners (owners and operators of certain high-rise office buildings) for an order pursuant to CPLR 2304 quashing a subpoena ad testificandum and a subpoena duces tecum upon the ground that respondent Commissioner of Finance of the City of New York is not authorized to issue said subpoenas and upon the ground that said subpoenas were issued in bad faith and are violative of the Constitution of the United States and the Constitution of the State of New York and cross motion by respondent Commissioner of Finance of the City of New York for an order pursuant to CPLR 2308 (subd [b]) compelling compliance with the subpoenas served are consolidated for disposition.
Respondent commissioner of finance is charged with the duty and power under sections 1503, 1504, 1505 and 1120 of the New York City Charter to assess value of real estate in the City of New York. These sections, in pertinent part, provide:
“§ 1503. Powers and duties of the commissioner. — The commissioner shall have the power to exercise any of the *823 functions, powers and duties vested in him or in the department by this chapter or otherwise. In the performance of his functions, the commissioner shall have, in addition to such others as may be conferred upon him from time to time by law, the power and duty:
“1. to analyze the needs of the city with respect to the matters within the jurisdiction of the department, prepare intermediate and long range programs designed to meet such needs, and establish priorities among them;
“2. to prepare and transmit the budget estimates of the department as prescribed by law;
“3. to supervise the execution and management of all programs, activities and expenditures of the department; and
“4. to prepare and disperse payroll checks upon a master warrant prepared by the comptroller as prescribed in the administrative code.”
“§ 1504. Functions of the department. — Except as otherwise provided by law, the department shall perform those functions and operations of the city which relate to the administration and collection of all taxes, assessments and charges imposed by the city, the collection of arrears due the city and all other sums due the city, including state and federal aid, the receipt and safekeeping of all moneys paid into the city treasury and payment of money out of the treasury, and the administration and management of certain trust funds held by the city, including, without limitation, the following:
“1. Real property assessment. With respect to real property tax assessment, the department shall assess for taxation all the taxable real property in the city and prepare the assessment rolls. The commissioner shall appoint, within the appropriation therefor, as many assessors as shall be necessary for the performance of such functions in accordance with the provisions of this chapter.”
“§ 1505. Real property tax assessment. — The department shall have those powers and dúties with respect to the assessment of real property for taxation as are prescribed by this chapter and, in addition, such other powers and duties as may be conferred upon it by law. The depart *824 ment shall maintain in each borough an office for the performance of such powers and duties.”
“§ 1120. Additional powers and duties. — Any elected or appointed officer of the city or any board or commission or any member thereof shall, in addition to the powers and duties vested in him or it by this charter, perform any duties and exercise any powers vested in him or in such board or commission by any other provision of law and any power necessary to carry out the powers and duties vested in him or it. (Derived from former § 900.)”
The responsibility, duty, power and means to be used by the commissioner of finance to assess taxable real property in the city as explicitly defined in the foregoing sections do not include the power to issue subpoenas except as provided by other provisions of law.
Commissioners have authority to issue subpoenas under CPLR 2302 (subd [a]) which provides: “§ 2302. Authority to issue (a) Without court order. Subpoenas may be issued without a court order by the clerk of the court, a judge where there is no clerk, the attorney general, an attorney of record for a party to an action, an administrative proceeding or an arbitration, an arbitrator, a referee, or any member of a board, commission or committee authorized by law to hear, try or determine a matter or to do any other act, in an official capacity, in relation to which proof may be taken or the attendance of a person as a witness may be required.”
An agency (the commissioner of finance) asserting subpoena power conferred by CPLR article 23 must show its authority, the relevancy of the items sought and some basis for inquisitorial action (Myerson v Lentini Bros. Moving & Stor. Co., 33 NY2d 250). In particular, in issuing a subpoena duces tecum: “[N]o agency of government may conduct an unlimited and general inquisition into the affairs of persons within its jurisdiction solely on the prospect of possible violations of law being discovered” (Matter of A’Hearn v Committee on Unlawful Practice of Law of N.Y. County Lawyers' Assn., 23 NY2d 916, 918).
The subpoenas challenged in this proceeding provide for petitioners’ appearance for examination under oath in the *825 matter relating to the establishment of the 1981/1982 tentative assessed value for certain New York City real property and provides for production of any and all leases commencing and/or signed during and within the year 1980. Alternative compliance with the subpoena was permitted by providing a verified statement with respect to all leases commencing and/or signed during and within the year 1980 giving the name of tenant; date lease signed; whether new or renewal; the term of lease and term of renewal options, if any; location and designation of lease space, together with square foot area covered by lease; separately noted, all escalation rent clauses of all types and any other income provided for in said leases in addition to the base rent due under said leases; work letters as to alterations to be made and the costs incurred therefor; and further providing that failure to comply with the subpoena would result in legal actions to compel compliance and assessment of costs, penalties and damages. These subpoenas are issued solely for the purpose of permitting the commissioner of finance to obtain information to be used in conjunction with other information to set a value on real property for taxation.
No unique, unusual or particular difficulty is demonstrated there by distinguishing this case from Matter of Grumman Aircraft Eng. Corp. v Danowski (208 Misc 2d 332).
No alleged or suspected violations of law are being investigated. No administrative hearings on challenged determinations are scheduled or in progress. No investigation of complaints is underway. Other than the routine exercise of his power to assess taxable real property, no hearing, trial or determination of a contested matter or any other investigation or action in official capacity is alleged. That the information sought would be helpful to the commissioner of finance is not in issue. Indeed he has the power under subdivision 1 of section 1504 of the New York City Charter to appoint as many assessors as necessary for the performance of the function of assessing taxable real property within the city. He does not have the power under CPLR 2302 (subd [a]), however, to perform the routine functions of his office by use of subpoena. *826 Neither does the commissioner of finance have such broad power under section 1120 of the New York City Charter without regard to CPLR 2302 (subd [a]), as contended, sanctioning the exercise of “any power necessary to carry out the powers and duties vested in him” to determine assessments. Any such power grows from inability to accomplish and a failure to achieve the purpose of his office after demonstrated efforts exhausting the regular and routine sources of information used by landlords, realtors and tenants of the value of rentals and leaseholds in the open market, on a case-by-case basis. The contention by the commissioner of finance that his office has a carte blanche right to subpoena any and all information pertaining to real estate value from all landlords in the City of New York on a routine basis is unacceptable as unduly oppressive and the court will be quick and firm to halt such practice (Matter of Hirshfield v Hanley, 228 NY 346). Freedom rests upon the right and necessity to reject intrusion by governmental bodies into private affairs without a clear showing of exceptional circumstance and necessity.
On the facts the respondent commissioner of finance was not authorized to issue the subpoenas herein under the law and the court need not reach constitutional issues raised by petitioners. Petitioners’ attorneys gave written requests for withdrawal prior to this motion. Petitioners, in resisting the subpoenas, however, ran little risk of penalties, costs or other damages threatened by respondent. (Matter of Rembrandt Painting & Paperhanging v Department of Investigation of City of N.Y., 46 AD2d 677.) Further, the question presented under section 1120 of the New York City Charter is unique and without prior precedent. No costs are allowed. (People ex rel. Lincoln v Assessor of Town of Barton, 44 Barb 148.)
Accordingly the motion is granted to the extent of quashing the subpoenas only, and the cross motion to compel compliance is in all respects denied.