Order of the Supreme Court, New York County (George Bundy Smith, J.), entered April 16, 1985, which granted plaintiffs motion for a protective order and denied defendants’ cross motion to compel production of documents, is unanimously reversed, on the law and facts and in the exercise of discretion, without costs, the motion for a protective order denied and the cross motion granted to the extent of remanding to Special Term to consider an application by plaintiff, if so advised, for the designation of a Referee to supervise the production and inspection of the documents to the end that data constituting trade secrets be not unnecessarily disclosed, or, in the alternative, for approval of a stipulation between the parties which would accomplish the same result.
Special Term, in granting plaintiffs motion for a protective *495 order, held that the demand for the production of certain loan applications and related documents of persons who were prospective purchasers of shares in the defendant cooperative corporation violated the confidentiality those persons could expect from plaintiff. However, the purchase agreements executed by each of the prospective purchasers and given to plaintiff as part of each loan application provided, inter alia: "I shall furnish the Sponsor with copies of all loan applications which I may make, immediately upon submission of the same to the lending institutions.” This negates the bald assertion by plaintiff that its customers had an expectation of privacy with respect to the loan applications.
With respect to plaintiff’s claim that its procedures and policies governing approval of loan applications constitute trade secrets, this information is directly relevant to defendants’ counterclaims, which are based on the manner in which plaintiff applied its procedures and policies. Under these circumstances, documents claimed to constitute trade secrets are nevertheless discoverable (see, Matter of Minerals & Chems. Philipp Corp. [Panamerican Commodities—World Commerce Corp.], 15 AD2d 432, appeal dismissed 11 NY2d 1109, mot to resettle denied 12 NY2d 672, cert denied sub nom. World Commerce Corp. v Minerals & Chems. Philipp Corp., 372 US 910).
We, therefore, grant defendants’ motion for production of the documents but remand to Special Term to ensure proper protection against any unwarranted disclosure of such data. Concur—Murphy, P. J., Kupferman, Ross, Asch and Ellerin, JJ.