In the Matter of the Arbitration between BRESCIA CONSTRUCTION Co., INC., Respondent, and WALART CONSTRUCTION Co., INC., Respondent.

NEW AMSTERDAM CASUALTY COMPANY, Appellant.

First Department, March 24, 1933.

*Frederick Hulse* of counsel [*Eidlitz & Hulse*, attorneys], for the appellant.

*Meyer Levy* [*James Murphy* with him on the brief], for the respondent Brescia Construction Co., Inc.

O'MALLEY, J. We are here concerned with the right of arbitrators appointed pursuant to a written agreement between two parties to arbitrate to make a binding and valid award against the surety of one of such parties, when the surety was not a party to the agreement to arbitrate. Such party, however, had participated in the arbitration proceedings.

On December 12, 1922, the petitioner Brescia Construction Co., Inc., entered into a written contract with the Walart Construction Co., Inc., to do excavation work and foundation walls. A dispute arose between them, and the Brescia Construction Co., Inc., instituted an act on to foreclose a mechanic's lien. To this action the New Amsterdam Casualty Company was made a party, it having bonded the lien.

Subsequent to the joinder of issue between these three parties, the Walart Construction Co., Inc., served a demand in writing upon the Brescia Construction Co., Inc., that all questions in dispute " between the owner and contractor " be submitted to arbitration. The arbitration proceedings were entitled in the names not only of the parties to the contract, but in the name of the casualty company.

In the arbitration proceedings, the casualty company appeared by its attorneys, called, examined and cross-examined witnesses, objected to questions and the reception of evidence, moved to dismiss the petitioner's claim, excepted to an adverse ruling, offered in evidence certain documents and submitted a brief.

The arbitrators made an award not only against the Walart Construction Co., Inc., but against the casualty company. The motion to confirm has been granted, a motion to vacate denied and judgment entered accordingly. From the orders confirming the award and denying the motion to vacate and from the judgment entered, the casualty company appeals.

We are of opinion that the appeals of the casualty company are well taken. An award of arbitrators is valid only when made

pursuant to the provisions of article 84 of the Civil Practice Act, or pursuant to the terms of the Arbitration Law. The requirements of neither have been here met.

Under section 1449 of the Civil Practice Act the submission to arbitration must be in writing, duly acknowledged or proved and certified, in like manner as a deed to be recorded. Here, concededly, the casualty company executed no such writing. Under the Arbitration Law, section 2, the agreement to arbitrate must be found " in a written contract." Here the casualty company had entered into no agreement in writing with the Brescia Construction Co., Inc., to arbitrate.

The decisions relied upon by the respondent (*Hostetter* v. *City of Pittsburgh*, 107 Penn. St. 419; *Conneaut Lake Agricultural Assn.* v. *Pittsburgh Surety Co.*, 225 id. 592) and like authorities are not to the contrary. It is true that these cases involved situations where actions against a surety or other party arising out of arbitration proceedings and an award were sustained. Such liability, however, was recognized only in a separate action based upon the award on the ground that the third party had been vouched in the arbitration proceedings in some manner and was bound by the award so made. The award, however, itself did not hold the third party liable.

It well may be that in an appropriate action against the casualty company the award of the arbitrators will be binding against it. That question we need not, and do not, now decide. We hold merely that under the circumstances here presented the arbitrators were without authority to make a valid binding award against the surety company and that the latter's motion to vacate the award as to it should have been granted and the motion to confirm as to it denied.

It follows, therefore, that the order confirming the award, and the judgment entered thereon, in so far as they direct recovery against the New Amsterdam Casualty Company, should be reversed, with costs to appellant against petitioner, respondent; the motion to confirm the award as against said appellant denied, and the motion to vacate the award as against said appellant granted, with costs.

FINCH, P. J., MERRELL, SHERMAN and TOWNLEY, JJ., concur.

Order confirming the award, and the judgment entered thereon, in so far as they direct recovery against the New Amsterdam Casualty Company, reversed with costs to the appellant against the petitioner, respondent, the motion to confirm the award as against said appellant denied, and the motion to vacate the award as against said appellant granted, with costs.