In the Matter of the Application of Louis MICHEL, INC., for an Order Directing that the Arbitration Provided for in a Certain Contract in Writing Entered into between Your Petitioner and the WHITECOURT CONSTRUCTION CORPORATION on or about the 1st Day of August, 1928, Proceed Pursuant to the Provisions Thereof and of the Arbitration Law, and for the Appointment of an Umpire Therein.

FRANKLIN SURETY COMPANY and Another, Its Successor, Appellant; Louis MICHEL, INC., and Another, Respondents.

First Department, June 2, 1933.

*M. Carl Levine* of counsel [*Samuel N. Leiterman* with him on the brief; *Sherman & Goldring*, attorneys], for the appellant.

*Charles H. Friedrich* of counsel [*Abraham Wilson* with him on the brief; *Abraham Wilson*, attorney], for the respondent Louis Michel, Inc.

MARTIN, J.   Louis Michel, Inc., entered into a written agreement on July 25, 1928, with the Whitecourt Construction Corporation, owner, to perform the plumbing work required in the construction of a building located at Nos. 826–842 Lexington avenue, borough of Manhattan.   The agreement contained a provision for the arbitration of all questions which might arise thereunder between the parties thereto.

A dispute arose which resulted in the contractor filing a mechanic's lien against the property on February 26, 1929, which lien was discharged by bond of the appellant Franklin Surety Company on March 6, 1929.   The Lloyds Insurance Company of America is its successor.

The respondent Louis Michel, Inc., brought an action to foreclose the lien, making the appellant surety company a party thereto. As one of the defenses, the answers of both the owner and the surety company set up the contract provision for arbitration.   The foreclosure proceeding was stayed and the differences which arose out of the contract between the contractor and the owner were ordered to be arbitrated.   The surety company was not made a party to this independent application, and it was never consulted about the arbitration proceeding, the notice by the contractor of the entry of the arbitration order being directed to the attorney for the owner, and not to the surety company which did not participate in the arbitration.

The respondent contractor contends that the attorney for the owner, who, in the foreclosure *action* was acting for the surety company, signed certain stipulations purporting to act as attorney for the owner and the surety company, and that, therefore, it must be *assumed* that the surety company participated in the arbitration.

The appellant contends that in the affidavit of its officer it is shown that the attorney for the owner was without authority to act for it in the arbitration proceeding, and there is no denial in the record by the attorney for the owner of the contention of the surety company, nor any assertion by him that he had authority to act for the

surety company. The attorney was not one of the attorneys employed by the surety company. His appearance for the surety company in the foreclosure action followed the usual custom to allow the owner's attorney in lien foreclosures to appear for the surety company that bonded the lien. It was established by the affidavits that the surety company had no connection with or relation to the arbitration proceedings, was not a party to the contract, and did not retain counsel to represent it in the arbitration. No written submission to arbitration was ever signed by the appellant surety company, nor was there any agreement in writing signed by it which provided for arbitration. The stipulations which are urged by the respondent as conferring jurisdiction upon the arbitrator against the surety cannot bind it beyond its obligation under the bond in an action to foreclose the mechanic's lien. The contract by its terms obligated the contractor and the owner to arbitrate their differences, and as the surety company was not a party to that contract it could not be made a party to the arbitration unless by its consent. No judgment, if objection is made thereto, can be rendered against the surety company in an action to foreclose a mechanic's lien, unless there is a compliance with the provisions of article 84 of the Civil Practice Act or the Arbitration Law. At the conclusion of the arbitration, an award was rendered against both the owner and the surety company, and on that award judgment was entered against them. The appellant Franklin Surety Company and its successor not having been a party to the arbitration, the judgment against the surety company cannot be sustained.

In the recent case of *Matter of Brescia Const. Co.* v. *Walart Const. Co.* (238 App. Div. 45) this court, in an opinion by Mr. Justice O'MALLEY, held that there can be no judgment entered upon an award unless it follows a written submission pursuant to article 84 of the Civil Practice Act, section 1461, or when made pursuant to a written contract containing a provision for arbitration. In that case this court reversed a judgment made upon an award against the New Amsterdam Casualty Company and also an order which confirmed the award in so far as it affected the casualty company and vacated the award as against it. The court said: " We are here concerned with the right of arbitrators appointed pursuant to a written agreement between two parties to arbitrate to make a binding and valid award against the surety of one of such parties, when the surety was not a party to the agreement to arbitrate. Such party, however, had participated in the arbitration proceedings. * * *

" The arbitrators made an award not only against the Walart Construction Co., Inc., but against the casualty company. The

motion to confirm has been granted, a motion to vacate denied and judgment entered accordingly. From the orders confirming the award and denying the motion to vacate and from the judgment entered, the casualty company appeals.

"We are of opinion that the appeals of the casualty company are well taken. An award of arbitrators is valid only when made pursuant to the provisions of article 84 of the Civil Practice Act, or pursuant to the terms of the Arbitration Law. The requirements of neither have been here met.

"Under section 1449 of the Civil Practice Act the submission to arbitration must be in writing, duly acknowledged or proved and certified, in like manner as a deed to be recorded. Here, concededly the casualty company executed no such writing. Under the Arbitration Law, section 2, the agreement to arbitrate must be found 'in a written contract.' Here the casualty company had entered into no agreement in writing with the Brescia Construction Co., Inc., to arbitrate. * * *

"It well may be that in an appropriate action against the casualty company the award of the arbitrators will be binding against it. That question we need not, and do not, now decide. We hold merely that under the circumstances here presented the arbitrators were without authority to make a valid binding award against the surety company and that the latter's motion to vacate the award as to it should have been granted and the motion to confirm as to it denied."

The appellant surety company did nothing in the present arbitration which would give the arbitrator jurisdiction over it, so that he could make an award against it.

The judgment against the Franklin Surety Company and Lloyds Insurance Company of America, its successor, must be reversed, and the order denying motion to modify the judgment by striking therefrom the name of the surety should be reversed, with costs, and the appellant's motion granted, with ten dollars costs.

FINCH, P. J., MERRELL, McAVOY and O'MALLEY, JJ., concur.

Judgment against the Franklin Surety Company and Lloyds Insurance Company of America, and the order appealed from, reversed upon questions of law, with costs to the appellant, and motion granted, with ten dollars costs. Settle order on notice.