In the Matter of BRESCIA CONSTRUCTION CO., INC., Appellant, against WALART CONSTRUCTION CO., INC. NEW AMSTERDAM CASUALTY COMPANY, Respondent.

(Argued March 22, 1934; decided April 17, 1934.)

*Meyer Levy* for appellant. A surety who voluntarily participates in an arbitration proceeding instituted after issue has been joined in an action to foreclose a mechanic's lien, in which action it is a party defendant, which proceeding is based upon a provision therefor in the contract between its principal and the contractor, and was initiated by a demand therefor by its principal, is bound by the award made therein and any judgment entered thereon. (*Matter of Michel, Inc., v. Whitecourt Constr. Corp.,* 264 N. Y. 23; *Aeschlimann v. Hospital,* 165 N. Y. 296; *Hostetter v. City of Pittsburgh,* 107 Penn. St. 419; *Conneant Lake Ag. Assn. v. Pittsburgh Surety Co.,* 225 Penn. St. 592.) The arbitration initiated after the joinder of issue in the action for the purpose of determining all disputes between the parties, and the surety having voluntarily made itself a party thereto, it was bound by the money judgment entered upon the award made therein against itself and the principal. (*Matter of Michel, Inc., v. Whitecourt Constr. Corp.,* 264 N. Y. 23; *N. Y. L. & W. W. Co. v. Schnieder,* 119 N. Y. 475.)

*Joseph G. Fink* and *Harry N. French* for respondent. In so far as the arbitrators made an award against the

respondent they exceeded their jurisdiction. (*Matter of Bullard* v. *Grace Co.*, 240 N. Y. 388; *Matter of Marchant* v. *Mead-Morrison Mfg. Co.*, 252 N. Y. 284; *Dodds* v. *Hakes*, 114 N. Y. 260.)

LEHMAN, J.  The plaintiff entered into a contract with the defendant Walart Construction Company to perform work and furnish materials for the erection of a building in Bronx county. Thereafter the plaintiff filed a mechanic's lien against Walart Construction Company. The lien was discharged pursuant to the provisions of section 19, subdivision 4, of the Lien Law (Cons. Laws, ch. 33). The New Amsterdam Casualty Company became the surety on the undertaking required by that section. Then the plaintiff began an action to foreclose its lien.

The contract between the plaintiff and Walart Construction Company contained a provision that " All questions that may arise under this contract and in the performance of the work thereunder, shall be submitted to arbitration at the choice of either of the parties hereto * * *. The decision of the arbitrators upon any question subject to arbitration under this contract, shall be a condition precedent to any right of legal action." In its answer filed in the foreclosure action, Walart Construction Company gave notice of its election to have the questions in dispute submitted to arbitration. Each party to the contract appointed an arbitrator and upon the failure of the arbitrators so appointed to agree upon a third arbitrator, the court appointed such third arbitrator " with the same force and effect as if he had been specifically named in said contract as an arbitrator."

The application for the appointment of the third arbitrator was a special proceeding brought in accordance with the provisions of the Arbitration Law (Cons. Laws, ch. 72). Notice was given to the attorney who had appeared for both defendants in the foreclosure action.

The lien of the plaintiff was for labor performed and materials furnished pursuant to a written contract which provided for arbitration of " questions that may arise under this contract and in the performance of the work thereunder," and either party to that contract might insist that the amount due to the lienor under its contract should be determined in accordance with that provision. When that question has been determined and an award made, a personal judgment may be entered for that amount against the other party to the contract. The right to enforce a lien for such amount upon the land is created by the statute and the statute makes no provision for resort to arbitration for the enforcement of such a lien. The determination of the arbitrators and the judgment entered thereon may, like other judgments, constitute a conclusive adjudication of all questions there litigated and determined, so that the same questions may not again be litigated between the same parties or their privies. None the less the scope of the arbitration is confined to the determination of those questions which the parties have agreed to submit to arbitration. It is defined by the terms of the contract and the order of the court made pursuant to the statute. An award may be made only against the parties who have agreed to abide by the award, and can result only in a personal judgment and not in a judgment to enforce a statutory lien.

Here application was made to the court for the appointment of a third arbitrator to whom the dispute " as to the amount due under said contract and as to the amount of work excavated and quantity of material supplied and labor performed " might be submitted. The order appointing the arbitrator was no broader. No other question was submitted to the arbitrators or passed upon by them. The surety upon the undertaking given to discharge the lien was not a party to the contract which contained provision for arbitration. It never entered into any formal submission to arbitration as provided by the Civil

Practice Act. It never became a surety for the performance of any obligation under the construction contract. In spite of all this, the arbitrators made an award against the surety for the amount they found due to the lienors under the construction contract, and a personal judgment was entered against the surety for that amount. That judgment and the order confirming the award, in so far as they direct a recovery against the surety, have been reversed by the Appellate Division.

The surety appeared in the arbitration proceedings by its duly authorized attorney. He took an active part in the presentation of evidence to the arbitrator and sought to defeat or diminish the claim of the lienor under the construction contract. The determination by the arbitrators upon the amount of that claim may be conclusive upon the surety in any action to enforce the undertaking given to discharge the lien upon the real property. That undertaking is " conditioned for the payment of any judgment which may be rendered against the property for the enforcement of the lien." (Lien Law, § 19, subd. 4.) The obligation of the surety is defined by that condition and may not be enlarged, without its consent, into an obligation to pay the amount which arbitrators might award to the lienor under the construction contract.

The undertaking of the surety is " to pay the amount which it should be adjudged was due and owing to the plaintiffs and which was chargeable against the property by virtue of their notice of lien. In other words, the condition was for the payment of any judgment which might have been rendered against the property had not the bond been given." (*Morton* v. *Tucker*, 145 N. Y. 244, 248.) Since the construction contract provided that questions as to the amount due and owing to the plaintiff shall at the choice of either party be determined by arbitration, the surety on the discharge undertaking could not object to such arbitration or insist that the amount be determined in other manner. Perhaps if the surety had not taken

part in the arbitration proceedings, it might have urged some objections to the validity of the award in the action to obtain a judgment against the property for the enforcement of the lien. (Cf. *Aeschlimann* v. *Presbyterian Hospital*, 165 N. Y. 296.) At most the award constitutes an adjudication of the amount due to the plaintiff. Even though conclusive on that point, there can be no judgment against the surety without an adjudication that this amount is chargeable against the property by virtue of the notice of lien. " A valid lien on the primary fund must be established to require payment pursuant to the terms of the undertaking. * * * The condition of the undertaking, which is plain in terms, is the full measure of the liability of the parties to it." (*Berger Mfg. Co.* v. *City of New York*, 206 N. Y. 24, 31.)

The Lien Law gives to an unpaid contractor a statutory remedy against the land, in addition to the ordinary remedy of an action at law for breach of contract. The enforcement of the statutory remedy requires resort to a court of equity. Breach of contract and amount due under the contract must be shown in the equitable action as well as in the action at law, and the defendant alleged to be in default under the contract may demand that the breach be established through arbitration, if arbitration of such question is part of the agreement. An adjudication of the amount due and owing to the plaintiff must then precede any adjudication that such amount was chargeable against the property by virtue of the plaintiff's notice of lien. The arbitration proceedings have resulted in an adjudication of the amount due and owing to the contractor, and a personal judgment against the party which owes the debt. There has not as yet been any judgment that this amount is chargeable against the property, and the obligation of the surety on the discharge undertaking is confined to the payment of such a judgment.

The effect of the appearance of the surety in the arbitration proceedings may be to make the determination

of the arbitrators binding upon it. Such appearance did not constitute a consent that the scope of the arbitration proceedings should be enlarged to include the issues raised in the action to foreclose the plaintiff's lien, or that a personal judgment might be entered against the surety without a judgment that the amount due was chargeable against the property. In *Matter of Michel, Inc.*, v. *Whitecourt Constr. Corp.* (264 N. Y. 23) such issues had been submitted to the arbitrators in compliance with the demand of the surety, and the surety had consented to the entry of a personal judgment against it. It could not insist upon enforcement of its bond according to its letter after the plaintiff and the court had acted upon the surety's waiver of the letter of the bond. Here the situation is different. The limited arbitration was merely a step in enforcing the plaintiff's remedies. The surety waived nothing except the possible right to attack collaterally a determination made by the arbitrators, within the scope of their jurisdiction. It did not consent, expressly or impliedly, that a personal judgment might be entered against it in the arbitration proceedings.

It may be that the adjudication of the amount due to the plaintiff will leave no substantial issues to be tried in the action brought under the Lien Law. As to that we are not now advised. Judgment against the surety must be based upon proof or admission and adjudication that the amount due to the plaintiff is chargeable under his lien against the land. Without such adjudication, no breach of the surety's undertaking is established.

The judgment of the Appellate Division should be affirmed, with costs.

POUND, Ch. J., CRANE, O'BRIEN, HUBBS and CROUCH, JJ., concur; KELLOGG, J., not sitting.

Judgment affirmed.