In the Matter of the Application of SUN-RAY CLOAK CO., INC., and DAVID MILLER to Vacate, Cancel and Set Aside a Subpœna Duces Tecum Served upon SUN-RAY CLOAK CO., INC., and a Subpœna Served upon DAVID MILLER Issued by SOL A. ROSENBLATT, Impartial Chairman, etc., and Arbitrator, in the Matter of JOINT BOARD OF CLOAK, SUIT, SKIRT AND REEFER MAKERS' UNION, Complainant, against UNITY CLOAK CO., INC., Now Doing Business as SUN-RAY CLOAK CO., INC., Respondent.

SUN-RAY CLOAK CO., INC., Appellant; JOINT BOARD OF CLOAK, SUIT, SKIRT AND REEFER MAKERS' UNION and SOL A. ROSENBLATT, Respondents.

First Department, April 6, 1939.

*L. S. Lewis* of counsel [*Edwin A. Lewis* and *Louis Schack* with him on the brief], for the appellant.

*Emil Schlesinger* of counsel [*Abraham Schlesinger* and *Irving M. Herman* with him on the brief; *Emil Schlesinger* and *Abraham Schlesinger*, attorneys], for the respondent Joint Board of Cloak, Suit, Skirt and Reefer Makers' Union.

*Milton J. Levy*, for the respondent Sol A. Rosenblatt.

Cohn, J. This is an appeal from an order denying the motion of appellant, Sun-Ray Cloak Co., Inc., to vacate a *subpœna duces tecum* issued by respondent, Sol A. Rosenblatt, as arbitrator under a collective agreement entered into July 12, 1937, between the International Ladies' Garment Workers' Union, the Joint Board of Cloak, Suit, Skirt and Reefer Makers' Union (hereinafter referred to as " Union ") and the Merchants' Ladies' Garment Association, Inc. (hereinafter called " Association "). The Unity Cloak Co., Inc. (hereinafter called " Unity ") had been a member of the Association and was bound by the collective agreement. Appellant, Sun-Ray Cloak Co., Inc. (hereinafter called " Sun-Ray "), a corporation organized in December, 1937, did not sign the agreement.

By the terms of the collective agreement there is created an exclusive method of arbitrating all disputes between members of the Union and the Association. Where the parties are unable to agree upon any question, the controversy is referred to a permanent arbitrator known as the impartial chairman, to which post respondent Sol A. Rosenblatt was duly selected. His decision is final and binding upon the parties to the agreement.

The collective agreement also provides that " No member of the Association shall enter into partnership or consolidate or merge with another person, firm or concern in the industry unless the new firm assumes all accrued obligations to the workers of the constituent concerns." The contract also imposes a continuing liability upon members of the Association for the term of the agreement. Resignation of a member does not release his obligations thereunder.

In September, 1938, the Union complained to Rosenblatt that Unity, after having been fined for a violation of the agreement, had resigned from the Association and that it had thereafter continued business as Sun-Ray; that Sun-Ray was identical with Unity and that Sun-Ray in violation of the collective agreement was dealing with non-union contractors.

Upon this complaint, a hearing was set for November 3, 1938, and a *subpœna duces tecum* was issued by respondent Rosenblatt directed to Sun-Ray, the alleged successor to Unity, commanding that it produce by David Miller, its president, at the office of the impartial chairman, " all books and records of the Sun-Ray Cloak Co., Inc., *from date of its formation until the present time."*

Sun-Ray seeks to have this *subpœna duces tecum* vacated upon the ground that the arbitrator had no jurisdiction or authority to issue the *subpœna duces tecum* and that in any event there were no facts showing this to be a proper case for its issuance.

The approved method of testing the relevancy and materiality of documents required by a *subpœna duces tecum*, is to move, as did appellant here, to quash, vacate or modify it. (*Carlisle v. Bennett*, 268 N. Y. 218; *Matter of Hirshfield v. Craig*, 239 id. 98, 118; *People v. "John Doe" [Byk]*, 247 App. Div. 324; affd., 272 N. Y. 473.)

This court has heretofore upheld the validity of collective agreements quite similar to the one now before us (*Goldman v. Cohen*, 222 App. Div. 631; *Schlesinger v. Quinto*, 201 id. 487); and it has also decided that the impartial chairman is an arbitrator within the purview of the statute. (*United Association of Dress Manufacturers, Inc.*, v. *Silver Pom Dress Corp.*, 245 App. Div. 713.)

At common law, arbitrators had no authority to compel the attendance of witnesses or the production of documents. (*Tobey v. County of Bristol, Case No. 14,065*, 23 Fed. Cas. 1313; 5 C. J. 88.) In this State the statute expressly empowers an arbitrator selected as prescribed by law or otherwise to "require any person to attend * * * as a witness" (Civ. Prac. Act, § 1456) and authorizes the arbitrator to issue a subpœna requiring such person to attend before him, "and also, in a proper case, to bring with him a book or a paper" where the arbitrator, acting in an official capacity, is called upon to determine a matter in relation to which proof may be taken. (Civ. Prac. Act, § 406, subd. 1; 4 Carmody's New York Practice, § 1210, p. 2752; *Matter of Hirshfield v. Craig*, *supra*, at p. 117.)

Accordingly, we hold that the impartial chairman acting as arbitrator, when required to adjust a dispute between parties to the collective agreement, has jurisdiction under the statute to issue a subpœna requiring the attendance of any person as a witness, and, *in a proper case*, a *subpœna duces tecum* for the production of a book or paper by such witness.

Appellant argues, however, that there is no authority vested in the arbitrator to issue the *subpœna duces tecum* because Sun-Ray is not a party to the collective agreement and because it is an independent corporate entity in no way connected with Unity. Whether Sun-Ray be a party to the collective agreement or not, the law gives the arbitrator the power to issue the process to any one whose testimony is required where, as here, he is called upon to determine a matter in his capacity as arbitrator in relation to which proof may be taken. We think it sufficiently appears that there is a controversy between Union and Unity pending before the arbitrator as to whether, in violation of its agreement, Unity has "consolidated or merged with Sun-Ray" without the latter having assumed all accrued obligations to the workers. To decide this question as between the Union and Unity, the

impartial chairman has full power to hear the matter and to make a decision which is binding upon parties to the agreement. Such a decision, of course, would be controlling upon Unity and upon the Union, but it would not be an adjudication as to Sun-Ray. An arbitrator appointed pursuant to a written agreement to arbitrate has no power to make a valid and binding award against one not a party to the submission or the agreement. (*Matter of Brescia Constr. Co.* v. *Walart Constr. Co.*, 238 App. Div. 45; affd., 264 N. Y. 260; *Wyatt* v. *Benson*, 23 Barb. 327, 336; *Martin* v. *Williams*, 13 Johns. 264, 269.) Whether Sun-Ray is a party to the agreement is a matter which must be decided in appropriate court proceedings.

Appellant also urges that upon the proof presented there is a failure to show that this is a proper case for the issuance of a *subpœna duces tecum* requiring Sun-Ray to produce all books and records from the date of its formation in December, 1937, up to the date of the issuance of the subpœna, October 24, 1938. In support of this contention, appellant has set forth facts showing its organization, capital structure and stock ownership. It offers an examination of its stock books and in an affidavit submitted by its president, David Miller, it is stated that Sun-Ray was organized by him and three other named persons no one of whom was ever an officer, director or stockholder of Unity; that no former officer, director or stockholder of Unity is now connected with or financially interested in Sun-Ray; and that although Miller was formerly employed as a salesman for Unity, he was never a stockholder or director of that company. The union in reply states that one I. Ohringer, a vice-president of Unity, was seen working in the premises now occupied by Sun-Ray; that Ohringer, Miller and three other former employees of Unity are now connected with Sun-Ray, and it asserts, though there are no evidentiary facts set forth to support the statement, that the officers and stockholders of Sun-Ray are " dummies " for the real parties in interest.

In these circumstances a proper case for the issuance of the challenged process was not shown. Consideration must of course be given to the fact that in an arbitration proceeding the informality, the lack of procedural restraints, the absence of strict rules of evidence and judicial limitation would afford little protection to the alleged confidential character of the books and papers of Sun-Ray. Not until the materiality of, and the necessity for, the production of the records desired has been demonstrated, should the power be exercised. An arbitrator, who is not a public or a judicial officer, may not compel one not a party to the agreement naming him, to produce and to submit to his scrutiny and to the observation of others, some of whom may be competitors,

all books and papers of every kind unless such records are shown to be pertinent and necessary to a matter lawfully under consideration.

The law is well settled that the power to compel the production of books and records by a witness is limited to a proper case. (Civ. Prac. Act, § 406; *Matter of Hirshfield* v. *Craig, supra,* pp. 117, 118.) The *subpœna duces tecum* is not a process of right but is permitted only in the discretion of the court where the books, records and documents to be produced are material and relevant to the issue and where they have been described with reasonable precision. (*Matter of Hirshfield* v. *Craig, supra; Carlisle* v. *Bennett, supra,* at pp. 217, 218; *Matter of Hirshfield* v. *Hanley,* 228 N. Y. 346, at p. 349; *Matter of Foster,* 139 App. Div. 769; *Hale* v. *Henkel,* 201 U. S. 43, 76.)

The arbitrator has the clear right to subpœna all the books and records of Unity, a party to the agreement ( *United Association of Dress Manufacturers, Inc.,* v. *Silver Pom Dress Corp., supra*), and to issue a subpœna to any other person whether connected with Unity or with Sun-Ray, to take proof upon the question before him. This has not yet been done. Such an examination when completed may disclose further facts which will justify the issuance of a *subpœna duces tecum* calling for specified books and records of Sun-Ray.

For the foregoing reasons, we are of the opinion that there has not been established a sufficient basis for the issuance of the broad and sweeping writ which the arbitrator has caused to be served upon appellant here. It should, accordingly, be vacated and set aside without prejudice to the issuance of another *subpœna duces tecum* in the event that additional facts are adduced before the arbitrator establishing that the case is a proper one for the exercise of his power to have produced the documentary evidence sought.

The order so far as appealed from should, accordingly, be reversed, with twenty dollars costs and disbursements, and the motion to vacate the *subpœna duces tecum* served on Sun-Ray Cloak Co., Inc., should be granted.

Martin, P. J., Townley and Glennon, JJ., concur; Untermyer, J., dissents in part.

Untermyer, J. (dissenting in part). I dissent from so much of the decision as vacates in its entirety the *subpœna duces tecum* served on Sun-Ray Cloak Co., Inc. I do not subscribe to the theory that in order to sustain a subpœna the officer by whom, or the party at whose instance, it is issued is required to prove the very facts intended to be established by the documents to be produced under the subpœna. So to hold frustrates the very purpose intended to be served. When it appears, as it appears

here, that documents to be produced bear directly upon the issue to be determined by the arbitrator a " proper case " exists for the issuance of a subpœna under sections 406 and 1456 of the Civil Practice Act.

I agree that the subpœna in the present case is too broad and should be limited to transactions between Unity Cloak Co., Inc., and Sun-Ray Cloak Co., Inc., to transactions between Sun-Ray Cloak Co., Inc., and persons connected with Unity Cloak Co., Inc., as stockholders, officers, directors or employees and to bank records and stock transfer books of Sun-Ray Cloak Co., Inc., showing the initial deposits and initial stock subscriptions of Sun-Ray Cloak Co., Inc.

As so modified the order should be affirmed.

Order so far as appealed from reversed, with twenty dollars costs and disbursements, and motion granted.