Arbitration between **OCEANIC TRANSPORT CORPORATION OF MONROVIA** and **Transatlantica Financiers Industriale, S. A., Owners and Time Chartered Owner respectively of the S.S. General Artigas,**

v.

**ALCOA STEAMSHIP COMPANY, Inc.,**
**Charterer.**

**The S.S. GENERAL ARTIGAS.**

United States District Court,
S. D. New York.

Oct. 11, 1954.

McNutt & Nash, New York City, for the Owner and Time Charterer, Thorolv T. Waaland, New York City, of counsel.

Kirlin, Campbell & Keating, New York City, for American Bureau of Shipping.

CLANCY, District Judge.

This motion to punish for contempt a subpoenaed witness that failed to respond is denied. The witness conveyed to the parties in writing its in-formed opinion that unless directed by the Court it would not answer the subpoena. The Statute provides that in such case the District Court may compel the attendance of the witness if it be "a proper case" to justify the issuance of the subpoena. The Court must then rule, among other things, whether or not the subpoenaed material would be material as evidence. The Court is unable to recognize why the matter subpoenaed from the protesting witness is or can be material or even relevant evidence in this case. It was the plaintiff's task to establish its materiality. I say this even though it appears in the papers that the request for a subpoena to issue was argued before the arbitrators and it is apparently their judgment that some evidence, material to the case before them, would be supplied. However great a respect we owe the arbitrators, it is a fact that when the statute imposed upon the District Court the duty to determine whether or not to compel the attendance of a witness and his production of papers, it imposed upon the Court the duty to determine whether or not the proposed evidence is material.

We have not been advised in the motion papers or the briefs or in the course of argument of the motion or during reargument of the existence of any facts like those on which Park S. S. Co. v. Cities Service Oil Company, 2 Cir., 188 F.2d 804 and The Blue Master, 1954 A. M.C. 827, now called to our attention were decided and we think both irrelevant.

It follows from all this that the motion to punish for contempt is denied. And, it also follows from what has been said that this is not a proper case for the subpoena's issuance. The motion to vacate is therefore granted. Matter of Sun-Ray Cloak Co. Inc., 256 App.Div. 620, 11 N.Y.S.2d 202, both opinions.