M. Henry Martttscello, J.
In this arbitration proceeding petitioners move for an order staying and restraining the arbitration instituted by one Ben Siegel as claimant against Lonora Bock as executrix under the last will and testament of Hyman B. Podoksik and Sophie Podoksik, the sole residuary legatee under the will.
The demand for arbitration was made pursuant to an agreement in writing dated May 11,1954 between the said Ben Siegel and Millson Drug Co., Inc., with the petitioner Lonora Bock in her capacity as executrix. By said agreement the executrix sold to Ben Siegel shares of stock owned by the deceased in the corporation and in consideration of which Siegel executed a series of promissory notes in payment as well as in payment of personal obligations due the deceased from him. In addition the corporation also executed notes to the estate in repayment of outstanding obligations due from the corporation to the deceased. It is conceded that the residuary legatee did not sign *734 the agreement in question. However, she did execute a written instrument apparently attached to the agreement, containing the following language: “ The undersigned Sophie Podoksik, widow of Hyman B. Podoksik, deceased, and Sidney Podoksik, son of the deceased, do hereby acknowledge that they have read and are familiar with the terms and conditions of the within agreement made May 11, 1954 between Lonora Bock as executrix with Ben Siegel and Mill son Drug Co., Inc., and do hereby approve and consent to the aforesaid agreement in all respects ”. After the execution of the agreement the executrix transferred to the sole residuary legatee all the assets of the estate, none of which consisted of real estate.
After an examination of the books of the corporation the Director of Internal Revenue on April 30, 1957 imposed an assessment for additional excise taxes in the sum of $7,449.40, of which the sum of $3,286.82 had been computed as being due for the period from October 31, 1953 to March 31, 1954, the date of death of the decedent. Respondent requested payment of half of that sum pursuant to the terms of the agreement, which was refused. As a result of such refusal respondent instituted the present arbitration proceeding.
The pertinent provisions of the agreement relating to the dispute and arbitration read as follows:
“ Twenty-fifth : The Seller shall indemnify and hold harmless the Purchaser to the extent of one-half (50%) of any and all taxes and assessments, Municipal, State, Federal, or otherwise, and any and all penalties or interest thereon due from, or imposed upon the Corporation, and any and all liabilities and obligations of, and claims of whatsoever kind, against said Corporation, if such taxes, assessments, liabilities and obligations shall have arisen, or shall have accrued during the period from September 29, 1953 to the date of death of the deceased, and shall not have been reflected in the books and records, regularly maintained by the Corporation as of the date of death of the deceased. This indemnity (except with respect to taxes and assessments and penalties, and interest due thereon) shall extend only to those liabilities, obligations and claims which have been established or asserted on or before the date of death of the deceased. It is agreed that, to the extent that the Seller shall be required to indemnify the Purchaser, as herein provided, the amount, or amounts, of such indemnification, shall be deducted from the current promissory notes of the Corporation issued pursuant to Paragraph ‘ Fourth ’ of this agreement.”
*735 ‘ ‘ Thirty-second : Any controversy or claim arising out of, or relating to this agreement, or a breach thereof, shall be settled by arbitration in the City of New York under the Laws of the State of New York, in accordance with the Rules then in force of the American arbitration association, and judgment upon the award rendered may be entered in any Court having jurisdiction thereof.”
It is argued by the petitioners (1) that respondent as claimant in the arbitration proceeding may not enforce arbitration as against the petitioner Sophie Podoksik as she was not a party to the agreement; (2) that the demand for arbitration was prematurely made as the respondent under the indemnification clause had not paid the United States Government the full assessment and accordingly had not sustained any loss and (3) arbitration is no longer available to the respondent inasmuch as the executrix had turned over the assets of the estate to the residuary legatee and that the remedy, if any, is against Sophie Podoksik pursuant to section 170 of the Decedent Estate Law.
Since the residuary legatee was not a party to the agreement, she cannot be compelled to participate in the arbitration as only the parties to such an agreement are bound to comply therewith. However, it may well be that in an appropriate action or proceeding any award of the arbitrators may be binding upon her in view of her approval and consent given in the manner as above stated. (Matter of Brescia Constr. Co. v. Walart Constr. Co., 238 App. Div. 45.) On the other hand, the executrix, being a party to the agreement, may lie compelled to arbitrate, all other factors being present.
The claim of the executrix, however, that she, having turned over the assets of the estate to the residuary legatee, is absolved from abiding by the terms of the agreement, is fallacious and unsound. Having the authority to enter into such an agreement (Wood v. Tunnicliff, 74 N. Y. 38), she is bound by it is as long as the terms of the contract are in force and effect and she cannot claim disaffirmance merely because the assets of the estate have been turned over to the residuary legatee. Conversely, if the respondent violated or breached any terms thereof the executrix as a party could compel a compliance therewith.
On a motion to stay arbitration the court is not authorized to consider the merits of the controversy. The only pertinent questions to be determined by the court are (1) whether there is a contract to arbitrate; (2) whether there is in fact a dispute and (3) whether there is a refusal to arbitrate (Matter of Crosett [Mt. Vernon Housing Auth.], 275 App. Div. 1051). Every other issue in the proceeding, whether of fact or law *736 and whether raised by denial or defense, is for the arbitrator (Matter of Lipman [Haeuser Shellac Co.], 263 App. Div. 880, affd. 289 N. Y. 76; Matter of Kahn [Nat. City Bank], 284 N. Y. 515; Matter of Potoker [Brooklyn Eagle], 2 N Y 2d 553). The term “ any controversial claim” is all-inclusive and clearly indicates that the parties intended that all controversies, including the present one, should be settled by arbitration (Matter of River Brand Rice Mills v. Lathrobe Brew. Co., 305 N. Y. 36). As set forth in paragraph Twenty-fifth the purchaser was to be held harmless of “ (50%) of any and all taxes and assessments * * * thereon due from, or imposed upon the Corporation ”. Whether the parties intended that the 50% contribution was to take place when the assessment was levied or actually paid cannot be determined from the language used. Under such circumstances a dispute clearly exists which must be passed upon by the arbitral tribunal, the forum selected by the parties.
Accordingly the motion is granted with respect to the petitioner Sophie Podoksik and denied in all other respects.
Settle order on notice.