ORION SHIPPING & TRADING CO.,
Inc., Libellant-Appellee-Appellant,

v.

EASTERN STATES PETROLEUM COR-
PORATION OF PANAMA, S.A.,
Respondent-Appellant,

and

Eastern States Petroleum and Chemical
Corporation and Signal Oil & Gas Com-
pany, Respondents-Appellees.

No. 188, Docket 27671.

United States Court of Appeals
Second Circuit.

Argued Jan. 8, 1963.

Decided Jan. 18, 1963.

Healy, Baillie & Burke, New York
City (Raymond J. Burke and Thomas
A. Dillon, Jr., New York City, of coun-
sel), for libellant-appellee-appellant.

Bigham, Englar, Jones & Houston,
New York City (J. Joseph Noble and
J. Bond Smith, Jr., New York City, of

counsel), for respondents-appellants-appellees.

Before CLARK, KAUFMAN and HAYS, Circuit Judges.

KAUFMAN, Circuit Judge.

Libellant Orion Shipping & Trading Co., Inc., entered into a contract of affreightment with one of the respondents, Eastern States Petroleum Corporation of Panama, S.A. (Eastern Panama), whereby Orion was to transport oil furnished by Eastern Panama from the Persian Gulf to Houston, Texas. Eastern Panama's obligations under the contract were guaranteed by its parent corporation, Eastern States Petroleum and Chemical Corporation, referred to here as Eastern American, and by Eastern American's successor corporation, Signal Oil & Gas Company. When Eastern Panama notified Orion of its decision to terminate the contract because of a presidential promulgation limiting the importation of crude oil into the United States, Orion secured an order, affirmed by this Court, 2 Cir., 284 F.2d 419 (1960), compelling Eastern Panama to submit to arbitration[1] the question of breach of contract and damages to Orion. Although it was clear that the liability of Eastern Panama only was to be determined by the arbitrator—such was the decision of this Court and the stipulation of the parties—and although Eastern American's (Signal's) guarantee was not submitted into evidence, the arbitrator determined not only that Eastern Panama was responsible for breach of contract to the extent of $988,-081.98 plus interest, but also that Signal was liable on its guarantee if Eastern Panama were to default.

 Eastern Panama's motion to vacate the award of damages on the ground that it was improperly calculated was correctly denied by Judge Dawson in the court below, for the reasons there stated. Not only has this Court already determined, on the first appeal, that the manner of computing damages was for the arbitrator and not for the courts, 284 F.2d at 421, but the law is clear that an arbitration award based upon a misinterpretation of law or an insufficiency of supporting facts will not be overturned.[2] See Wilko v. Swan, 346 U.S. 427, 436–437, 74 S.Ct. 182, 98 L.Ed. 168 (1953); Amicizia Societa Navegazione v. Chilean Nitrate & Iodine Sales Corp., 274 F.2d 805, 808 (2d Cir.), cert. denied, 363 U.S. 843, 80 S.Ct. 612, 4 L.Ed.2d 1727 (1960); Commercial Solvents Corp. v. Louisiana Liquid Fertilizer Co., 20 F.R.D. 359, 362 (S.D.N.Y.1957).

 Judge Dawson denied Orion's motion under section 9 of the United States Arbitration Act, 9 U.S.C. § 9, to confirm that portion of the arbitration award holding Signal liable as guarantor of Orion's contractual obligations. He held, properly we think, that the arbitrator exceeded his powers in determining the obligations of a corporation which was clearly not a party to the arbitration proceeding, and that Signal's motion to vacate the award against it should be granted. See 9 U.S.C. §§ 10(d), 11.

1. Special clause 14 of the contract of affreightment provided for arbitration, according to a prescribed procedure, of "any dispute arising during the execution of this Contract of Affreightment. * * *"

2. 9 U.S.C. § 10 sets down the circumstances in which an arbitration award may properly be vacated:

"(a) Where the award was procured by corruption, fraud, or undue means.

"(b) Where there was evident partiality or corruption in the arbitrators, or either of them.

"(c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

"(d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual final and definite award upon the subject matter submitted was not made."

A decision whether parties other than those formally signatories to an arbitration clause may have their rights and obligations determined by an arbitrator when that issue has not been submitted to him is not within the province of the arbitrator himself but only of the court. See A/S Ganger Rolf v. Zeeland Transportation Ltd., 191 F.Supp. 359, 363 (S. D.N.Y.1961); Brescia Construction Co. v. Walart Construction Co., 238 App.Div. 45, 263 N.Y.S. 13 (1st Dep't 1933), aff'd, 264 N.Y. 260, 190 N.E. 484, 93 A.L.R. 1148 (1934); cf. Fisser v. International Bank, 282 F.2d 231 (2d Cir., 1960).

Orion agrees that the arbitrator exceeded his powers in determining Signal's liability as guarantor. It also agrees that the question whether Signal should be bound by the arbitration award, although not formally a party to the arbitration clause, is to be determined by the courts and not by the arbitrator. It argues that the District Court, in an action to confirm the award against Eastern Panama, may adjudge Signal liable thereon since Eastern Panama is merely a "shell," while Signal, its "alter ego," is truly responsible for Eastern Panama's obligations. We are cited to Fisser v. International Bank, supra, where this Court held that a parent corporation, if so thoroughly in control of its subsidiary as to be deemed an "alter ego," could be ordered to *submit* to arbitration pursuant to a clause in its subsidiary's contract. See Chilean Nitrate Sales Corp. v. The Nortuna, 128 F.Supp. 938 (S.D.N.Y.1955).

■ It may well be, as Judge Dawson indicated below, that Eastern Panama is thoroughly dominated by Signal, and that Signal is properly accountable on an "alter ego" theory. But we hold that an action for confirmation is not the proper time for a District Court to "pierce the corporate veil." The usual office of the confirmation action under 9 U.S.C. § 9 is simply to determine whether the arbitrator's award falls within the four corners of the dispute as submitted to him. This action is one where the judge's powers are narrowly circumscribed and best exercised with expedition. It would unduly complicate and protract the proceeding were the court to be confronted with a potentially voluminous record setting out details of the corporate relationship between a party bound by an arbitration award and its purported "alter ego". Our conclusion does not in any way impugn the soundness of the reasoning in the Fisser case, which arose in the quite distinguishable context of an action to *compel* arbitration under 9 U.S.C. § 4, rather than to confirm.

■ As Judge Dawson concluded, our holding does not preclude Orion from prosecuting its action, still pending, against Signal as guarantor of Eastern Panama's obligations. Nor does it preclude Orion from bringing a separate action against Signal to enforce the award against Eastern Panama, invoking the "alter ego" theory. But an action to confirm the arbitrator's award cannot be employed as a substitute for either of these two quite distinct causes of action.

■ Orion also argues that Signal's conduct during the arbitration proceeding constituted a consent to arbitration which in turn gave the arbitrator power to render an award binding against it. It is asserted that Signal was in effect conducting the arbitration and interposing defenses personal to it alone, and that all witnesses, testimony, and documents emanated from Signal rather than Eastern Panama. Since much of the evidence which would have to be adduced to prove that Signal "consented" to a binding arbitration award would be congruent with the evidence adduced to prove that Signal is Eastern Panama's "alter ego," we hold for the same reasons that it is inappropriate for the District Court to dispose of this argument in an action to confirm.

We therefore affirm the judgment below confirming the arbitrator's award as it applied to Eastern Panama and vacating the award as it applied to Signal.