181 So.2d 664 (1966)
G & N CONSTRUCTION COMPANY, a Florida corporation, Appellant,
v.
Sergi V. KIRPATOVSKY and Nona J. Kirpatovsky, husband and wife, both, Appellees.
No. 65-758.
District Court of Appeal of Florida. Third District.
January 4, 1966.
Rehearing Denied February 2, 1966.
*665 Joe N. Unger, Welsh, Cornell, Carlton & Walsh, Miami, for appellant.
Essen & Essen, Miami, for appellees.
Before HENDRY, C.J., and TILLMAN PEARSON and SWANN, JJ.
SWANN, Judge.
This is an interlocutory appeal by the plaintiff, G & N Construction Company, a Florida corporation, from an order in Chancery of the Circuit Court of Dade County, Florida, granting the defendants' motion for arbitration of a dispute concerning the construction of a residence by the plaintiff for the defendants under the terms of a building contract.
*666 The plaintiff entered into a construction contract with the defendants, Sergei V. Kirpatovsky and Nona J. Kirpatovsky, his wife, for the erection of a residence. After considerable work was done, but before the completion of the contract, the defendants sought to cancel the contract under the provisions of Article 22 thereof, the pertinent part of which provides as follows:
"If the Contractor * * * be guilty of a substantial violation of any provision of the Contract, then the Owner, upon the certificate of the Architect that sufficient cause exists to justify such action, may, without prejudice to any other right or remedy and after giving the Contractor, and his surety if any, seven days' written notice, terminate the employment of the Contractor and take possession of the premises and of all materials, tools and appliances thereon and finish the work by whatever method he may deem expedient. * * *"
The remainder of this article provides that when its provisions are invoked, the contractor shall not be entitled to receive further payment until the work is finished and that in the event the unpaid balance of the contract sum exceeds the expense of finishing the work, only such excess would be paid to the contractor. If, however, completion expense exceeds the unpaid balance, the contractor is liable to pay the difference to the owner.
When faced with the attempted invocation of Article 22 and cancellation of the contract, an amount alleged to be in excess of $8,000.00 was still due and owing the contractor. The plaintiff then filed a suit for injunction against any attempted cancellation of the contract, with a prayer that the court determine the rights of the parties and judicially declare and conclude the controversy said to exist under the terms of the contract.
An application was then made by the defendants to compel the contractor to seek its remedy before a panel of arbitrators in accordance with the provisions of Section 57.12, Florida Statutes, F.S.A. The chancellor granted the defendants' application and required the plaintiff to submit to arbitration. This order is the subject of the appeal.
The construction contract contains forty-four separate articles, six of which specifically provide for arbitration of disputes arising thereunder. Article 40 of the contract explicitly limits the right to arbitration under the contract with the following statement:
"All disputes, claims, or questions subject to arbitration under the Contract shall be submitted to arbitration in accordance with the provisions, then obtaining, of the Standard Form of Arbitration Procedure of The American Institute of Architects, * * *." (Emphasis added.)
* * * * * *
While the contract between the parties provided for arbitration in disputes in certain specified areas under the contract, it does not provide for arbitration under Article 22.
In Brescia Const. Co. v. Walart Const. Co., 1934, 264 N.Y. 260, 190 N.E. 484, 93 A.L.R. 1148, the Court of Appeals of New York held that the scope of an arbitration agreement in a construction contract is confined to determination of those questions which the parties have agreed to submit to arbitration as defined by the terms of the contract.
The defendants herein argue that if arbitration is not set forth and permitted under the invocation of Article 22 of the contract, it is allowed under Article 31, which provides:
"Should either party to the Contract suffer damages because of any wrongful act or neglect of the other party or of anyone employed by him, claim shall be made in writing to the party liable *667 within a reasonable time of the first observance of such damage and not later than the final payment, except as expressly stipulated otherwise in the case of faulty work or materials, and shall be adjusted by agreement or arbitration."
Assuming, arguendo, that this contention is correct, it has no application in the case sub judice, because the defendants never complied with the terms of Article 31 by notifying the other party liable in writing of the first observance of such alleged damage. The defendants' reference to the contract in all of their correspondence with the plaintiff concerned the alleged violation of Article 22 and no mention was made by the defendants of a violation of the terms of Article 31.
In B. Fernandez & Hnos., S. En C. v. Rickert Rice Mills, Inc., 1 Cir.1941, 119 F.2d 809, the court held that a party is never required to submit to arbitration any question which he has not agreed to submit and that contracts providing for arbitration will be carefully construed in order not to force a party to submit to arbitration a question which he did not intend to be so submitted.
Under these authorities and the facts involved herein, we hold that the plaintiff was not required to submit a dispute under Article 22 of the contract to arbitration, inasmuch as it did not compel or require arbitration.
The defendants have cross assigned as error a portion of the chancellor's order which enjoined First Federal Savings and Loan Association of Miami from disbursing any monies which it was holding under the construction loan agreement with the defendants. The association was not a party to the suit, had not been served, and was not properly before the court. The court was therefore without jurisdiction to enjoin the association, although it might have enjoined the parties from exercising any control over the monies in question. Alger v. Peters, Fla. 1956, 88 So.2d 903.
For these reasons, the order compelling arbitration is reversed and the cause remanded for appropriate judicial consideration in accordance herewith.
Reversed and remanded.