PER CURIAM.
This interlocutory appeal is brought by Charles N. Donner, who was the defendant in the trial court to a complaint seeking rescission of a property settlement agreement incident to a divorce proceeding. The complaint also sought other relief. The appeal is from an order entered the 19th day of February, 1975, which provides in part as follows:
“B. The defendant, CHARLES N. DONNER be and he is temporarily enjoined and restrained [whether as an officer, director, agent, stockholder or in any other capacity] from directly or indirectly, assisting, allowing or permitting MUNCIE CONSTRUCTION CORP., a New York corporation, from conveying, hypothecating, assigning or transferring any of its assets or its stock, and CHARLES N. DONNER is -further temporarily enjoined and restrained from conveying, hypothecating, assigning or transferring his shares of stock, in which he has a legal or equitable interest, in MUNCIE CONSTRUCTION CORP., a New York corporation, until further order of the Court. ■
“C. The plaintiff, MARGO DONNER, is relieved from having to post any injunction bond.”
As we understand it, appellant’s point on appeal argues (1) that the injunctive provisions of the order should not have been entered because the complaint did not pray for an injunction and the plaintiff did not offer to restore the status quo, (2) that the injunctive order is not based upon proper testimony and (3) that the court improperly excused the appellee from the posting of bond.
We shall discuss point 3 only. In this regard, we note that as to the requirement for bond upon the granting of an injunction, RCP 1.610, provides in part as follows:
“(b) Temporary Injunction; Notice; Bond.
* * 5jC * * *
When a temporary injunction is granted, the court shall require the party obtaining it to give bond conditioned for the payment of such costs and damages as may be incurred or suffered by any party who is wrongfully enjoined unless the court, after taking evidence from all parties of the truth of the complaint and the fact that the party seeking the temporary injunction is unable to give bond, finds such to be true, in which event a temporary injunction without bond may be granted.”
*458 * * * * * *
We find that from the stipulations and the pleadings in this case, it was within the province of the trial judge to find, as he did, that the appellee, Margo Donner, was unable to give bond. Although such a finding is not contained in the order, it properly should have been included. We hold that the finding is implicit from the terms of the order itself. “An appellate court will not disturb the implied findings of fact made by a trial judge in support of an order anymore than it will interfere with the express findings on which a final judgment is predicated.” [1]
Also, we feel called upon to discuss a point touched on by the parties as to whether the injunction is too broad in its application to the appellant’s activities in a New York corporation known as Muncie Construction Corporation. It is clear that the Muncie Construction Corporation is not a party to this suit. Therefore, those portions of the injunctive order which attempt to control the activities of the corporation or Charles N. Donner as an officer of the corporation are improper. See Bethell v. Peace, 441 F.2d 495 (5th Cir. 1971), and G. & N. Construction Company v. Kirpatovsky, Fla.App.1966, 181 So.2d 664. Therefore, the injunctive order must be limited to the actions of Charles N. Donner himself in his individual capacity.
Therefore, the order appealed is affirmed in all particulars except that it is amended to provide in the paragraph designated “B” thereof that the defendant, Charles N. Donner, be and is temporarily enjoined and restrained from conveying, hypothecating, assigning or transferring any of his interest or stock in the Muncie Construction Corporation, a New York corporation, until further order of the court. As amended, the order is affirmed.
Order appealed amended and, as amended, affirmed.

. 5 Am.Jur.2d “Appeal and Error” § 843 (1962), and cases cited therein at n. 13.