PER CURIAM.
Appellants George Merrell and George Wilson seek review of a nonfinal order enjoining them from collecting a judgment in a related case. We reverse.
By final judgment dated February 10, 1984, Bonita Springs Golf Course, Ltd. (Bonita) recovered judgment against Marvella Associates, Inc. (Marvella) in the sum of $670,337.11. Marvella was a Florida corporation that had been dissolved on March 24, 1980. Bonita had brought suit against Marvella and four of its last board of directors, individually, to recover a debt. Two of the individuals are Merrell and Wilson. While the trial court found appellants had actual notice of the sale which gave rise to the underlying debt and that under section 607.144, Florida Statutes (1983), the directors improperly voted to distribute assets without providing for payment of the debts, it also found that Bonita would have to garnish the directors since the statute did not provide for a direct action against the directors. Although the trial court did not allow Bonita to recover directly against the individual directors, it reserved jurisdiction to allow Bonita to file amended or supplemental pleadings to collect the indebtedness due. No judgment was entered against the individual directors, including appellants. Marvella appealed the judgment, and Bonita cross-appealed the denial of judgment against the individual directors. This court affirmed the judgment without opinion. See Marvella Associates, Inc. v. Bonita Springs Golf Course, Ltd., 462 So.2d 1113 (Fla.2d DCA 1985).
A receiver appointed for Marvella filed a motion for issuance of writs of garnishment. The motion sought to garnish certain funds that Merrell and Wilson were entitled to receive from Michael M. Miceli, Vincent L. Palmieri, and possibly Lee Coun *975 ty Bank, pursuant to a final judgment entered in the related case, Bonita Springs Golf Course, Ltd. v. Lee County Bank, Case No. 85-528.
Apparently, the trial court issued the writs, because subsequently appellants filed a motion to dissolve writs of garnishment. The motion alleged that the writs were contrary to section 77.01, et seq., Florida Statutes (1985), in that there was no judgment against appellants. The motion further alleged that the writs were not properly entered because the receiver did not properly file verified pleadings, provide notice to appellants or post bond.
At the hearing on the motion, the trial judge agreed with appellants that it was improper to issue the writs of garnishment. The judge, however, stated that being familiar with all of the cases he felt obligated to preserve the status quo so that appellants could not recover any of the money judgment in the related cases. He, therefore, quashed the writs, but issued an in-junctive order preventing appellants from collecting any monies due to them pursuant to the final judgment in Case No. 85-528. This timely appeal followed.
Appellants claim that the trial court erred in enjoining them without an application for an injunction, notice of a hearing for that purpose, or an existing claim against appellants that required entry of an injunction.
Although article V, section 5(b), of the Florida Constitution gives the circuit courts the power to issue “all writs necessary and proper to the complete exercise of their jurisdiction,” the writ of injunction issued in this case was neither necessary nor proper.
In Lingelbach’s Bavarian Restaurant v. Del Bello, 467 So.2d 476 (Fla.2d DCA 1985), this court determined that a motion for a preliminary injunction was a sufficient predicate for granting an injunction without a complaint seeking that relief. Here, there was neither complaint nor motion seeking injunctive relief.
Further, there was no action pending against appellants at the time the injunction was issued. The 1984 final judgment granted judgment in favor of Bonita and against Marvella, and the trial court specifically found that the statute under which Bonita had proceeded, section 607.144, did not provide for a cause of action against appellants. Because there was no suit or judgment pending against appellants at the time the injunction was issued, the trial court had no vehicle through which to enter the injunction. Accordingly, we reverse the order issuing the injunction and remand the case for further proceedings consistent with this opinion.
Reversed and Remanded.
SCHEB, A.C.J., and CAMPBELL and THREADGILL, JJ., concur.