570 So.2d 1064 (1990)
Ogelean RIDDICK and Suncoast Beauty School of Florida, Inc., Appellants,
v.
SUNCOAST BEAUTY COLLEGE, INC., and JoAnn W. Phillips, Appellees.
No. 90-01177.
District Court of Appeal of Florida, Second District.
November 28, 1990.
Aubrey O. Dicus, Jr., and Margie I. Fraley of Battaglia, Ross, Hastings & Dicus, St. Petersburg, for appellants.
Charles M. Phillips, Jr., Palm Harbor, for appellees.
DANAHY, Judge.
In this appeal we review the propriety of a permanent injunction entered during the pendency of a lawsuit filed against the appellants by the appellees who claimed that the individual appellant, Ogelean Riddick, breached a covenant not to compete. In the issues they raise on appeal, the appellants contend that the injunction improperly enjoins persons over whom the court had no personal jurisdiction, that the injunction is overbroad in scope, and that it was entered without first having an evidentiary hearing. We reverse.
We summarize briefly the facts leading up to the entry of the permanent injunction. In May 1988, Ogelean Riddick, the owner of Suncoast Beauty School of Florida, Inc., located at 1406 Cleveland Street, Clearwater, sold the beauty school business, including all past accounts and goodwill, to the appellee, JoAnn Phillips. Phillips thereafter incorporated and ran the business at that address under the name of Suncoast Beauty College of Florida, Inc. As part of the sales transaction, Riddick executed a covenant not to compete which contained the following relevant portion:
1. For a period of five (5) years from date of closing and transfer the of [sic] business interest and assets, SUNCOAST BEAUTY SCHOOL OF FLORIDA, INC. and OGELEAN RIDDICK, as an individual, will not directly or indirectly for *1065 themselves or on behalf of any person, persons, partnership or corporation engage or attempt to engage in the ownership or operation of a beauty school in Pinellas County, Florida; nor aid or assist anyone else, except the Buyer, to do so within these limits; nor solicit in any manner any past accounts of the business; nor have any interest, directly or indirectly, in such a business, except that Ogelean Riddick, individually may perform inspections for National Accrediting Commission of Cosmetology Arts and Sciences (NACCAS), and may be a freelance conductor of seminars and a teacher of instructors and students in the beauty school environment.
In October 1988, Riddick, in conjunction with her daughter, Renae Riddick, who is also a beautician, incorporated and commenced to operate a beauty salon called Oge's Place located at the corner of Duncan and Drew Streets in Clearwater. Several beauticians who had been students at Riddick's beauty school were employed at Oge's Place. On November 15, 1988, based on her belief that Riddick was violating the noncompete covenant, Phillips filed suit against Ogelean Riddick and Suncoast Beauty School seeking damages based on the alleged violation of the covenant. These initial pleadings also requested a temporary injunction against Riddick and Suncoast Beauty School. That same day the temporary injunction issued against these two defendants, "their officers, agents, servants, employees and attorneys, and others who receive actual notice of th[e] injunction" enjoining them from soliciting customers of Phillips and Suncoast Beauty College and from using in any manner customer lists of the plaintiffs/appellees. The temporary injunction was effective until further order of the court. There was no appeal from any facet of the temporary injunction.
Discovery proceeded and depositions were taken of the individual appellant Ogelean Riddick, Renae Riddick, the individual appellee JoAnn Phillips, and the several beauticians who were working at Oge's Place. Both parties moved for summary judgment, and on January 5, 1990, Phillips also sought a permanent injunction (for five years) against Ogelean and Renae Riddick, Oge's Place, Inc., and the individual beauticians (Nancy L. Wright, Sandra Richards, Wendy Mattson, and Kelly S. Crowell) enjoining them from owning, operating, being employed in or in any manner being connected with the operation of Oge's Place, and from aiding or assisting any other person or corporation from operating or participating in the operation of a beauty salon at the location of Oge's Place.
By order dated March 16, 1990, the circuit court denied all pending motions for summary judgment. The court also withheld ruling on pending motions to strike and to compel and on a request to produce. It further specifically reserved ruling on the issue whether establishing Oge's Place violated the noncompete covenant; this issue was bifurcated and was to be heard before the remaining issues. The court did, however, grant the permanent injunction with the following language:
Until May 7, 1993, Ogelean Riddick, Renee [sic] Riddick, Nancy L. Wright, Sandra Richards, Wendy Mattson, Kelly S. Crowell, and Suncoast Beauty School of Florida, Inc., a Florida corporation, are hereby enjoined from soliciting or serving past customers, of the Suncoast Beauty School of Fla., Inc., before May 6, 1988, at Oge's Place located at 1701 Drew Street, Clearwater, Florida, and any and all other persons to whom services were rendered at Suncoast Beauty School of Florida, Inc. at 1406 Cleveland Street, Clearwater, Florida, before May 6, 1988.
It is this permanent injunction which we review.
The appellants correctly point out that Renae Riddick and the four other individual beauticians were not named in the complaint as parties defendant, were never served with process, and that, therefore, the court has never secured personal jurisdiction over them. Without personal jurisdiction over these individuals, the court has no power to enjoin them from any act by naming them in the instant injunction. Alger v. Peters, 88 So.2d 903 (Fla. 1956); Merrell *1066 v. Bonita Springs Golf Course, Ltd., 512 So.2d 974 (Fla. 2d DCA 1987); Donner v. Donner, 313 So.2d 456 (Fla. 3d DCA 1975); G & N Construction Co. v. Kirpatovsky, 181 So.2d 664 (Fla. 3d DCA 1966). This is not to say, however, that should these individuals aid Ogelean Riddick and Suncoast Beauty School, as employees or agents or persons with notice of a properly entered injunction, in violating the terms of the noncompete covenant, they are not subject to the contempt powers of the court. That is a question for a later time as that factual situation is not before us. See, e.g., Channell v. Applied Research, Inc., 472 So.2d 1260 (Fla. 4th DCA 1985) (in contempt proceedings based on alleged violation of properly entered preliminary injunction, party not named nor served with process in suit giving rise to injunction is bound by injunction if such party is identified with named defendant in interest, is in privity with named defendant or is represented by named defendant or subject to named defendant's control or is in active concert or participation with named defendant and receives actual notice of the injunction; citing Fla.R.Civ.P. 1.610). The authorities cited by the appellees, West Shore Restaurant Corp. v. Turk, 101 So.2d 123 (Fla. 1958), and Dad's Properties, Inc. v. Lucas, 545 So.2d 926 (Fla. 2d DCA 1989), are unlike the case before us because in both those cases the parties named, or sought to be named, in the injunction were named defendants in the underlying action.
In their second issue, the appellants, while admitting that the injunction properly named Ogelean Riddick and Suncoast Beauty School, further point out that the injunction precludes servicing past customers of the beauty school. This, they claim, goes beyond the bounds of the unambiguous language of the noncompete covenant by which the appellants merely agreed not to solicit previous customers of the school. We are in no position to determine whether such language does or does not go beyond the bounds of the noncompete covenant because this is precisely the issue the circuit court reserved ruling on when it denied all summary judgment motions. As the order itself stated: "The Court specifically reserves ruling on the issue whether the establishment and operation by the [appellants] of a salon at 1701 Drew Street, Clearwater, Florida, violates the Covenant Not to Compete set forth in the documentation attached to the Complaint." The error that occurred here was to enter a permanent injunction which effectively decided the controversy, for the next five years at least, when there was still pending an unresolved question necessitating a full hearing on the scope of the noncompete covenant and those issues which have been specifically reserved by the circuit court. Inasmuch as a covenant not to compete is in restraint of trade and personal liberty, we may not construe it to extend beyond its proper import nor further than its language absolutely requires. Zimmer v. Pony Express Courier Corp., 408 So.2d 595 (Fla. 2d DCA 1981), review denied, 418 So.2d 1280 (Fla. 1982). But, the proper import of the language of the instant covenant has yet to be decided by the circuit court. Until that final determination is made, the permanent injunction is prematurely entered.
Since we must reverse the permanent injunction because it names persons who are not, under these circumstances, within the jurisdiction of the court and because it prematurely decides questions still at issue, we find no need to address the third point raised. Until further hearing is held before the circuit court and final disposition of the cause on the merits is had, the temporary injunction shall remain in full force and effect.
SCHOONOVER, C.J., and SCHEB, J., concur.